The PEOPLE of the State of
Colorado, Petitioner,

v.

Fred QUINONEZ, Respondent.

No. 84SC478.

Supreme Court of Colorado,
En Banc.

April 6, 1987.

---

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for petitioner.

Jeffrey S. English, Lakewood, for respondent.

ROVIRA, Justice.

We granted certiorari to review two issues considered in *People v. Quinonez,* 701 P.2d 74 (Colo.App.1984). The court of appeals held that restitution could not be ordered paid to persons other than those who were victims of crimes for which a defendant was charged and that restitution could not be ordered unless the trial court made a factual finding that a defendant had the ability to pay before the order was entered.

We agree that restitution may not be ordered paid to persons who were victims of a defendant's uncharged criminal activity. However, a defendant may, as part of a plea agreement, consent to the payment of restitution to persons or entities damaged as a result of his conduct. We also hold that the trial court need not make factual findings regarding a defendant's ability to pay prior to ordering restitution. The opinion of the court of appeals is affirmed in part and reversed in part.

## I.

An altercation between the occupants of two cars occurred on March 1, 1982. James Darr and Christopher Mastalski, the occupants of one car, were injured and killed, respectively. The three occupants of the other car, which included Fred Quinonez (respondent), were charged with various offenses.

Respondent was charged with first-degree murder and accessory to first-degree murder in connection with Mastalski's death. He was not charged with any crimes relating to Darr. As part of a plea agreement, respondent pled guilty to the accessory charge and the murder charge was dismissed. He was sentenced to a community corrections program for two years, plus one year of probation. He also was ordered to pay $11,579.79 to Mastalski's estate and $491 to Darr. Respondent objected to the order of restitution, but did not refuse probation.

Respondent appealed the order of restitution on three grounds. He argued that he could not be ordered to pay restitution to Darr, because Darr was not a victim of the charges to which he had pled guilty. He also claimed that the restitution to Mastalski's estate was "really" for the treating physicians and hospital, and they were not victims within the meaning of section 16–11–204.5, 8 C.R.S. (1983 Supp.). Respondent also contended that the trial court's order was invalid because it had not considered his ability to pay in determining the amount of restitution.

The court of appeals reversed the order of restitution to Darr because respondent was not charged with a crime involving Darr. The court also held that the debts incurred for medical expenses were damages suffered by Mastalski and thus were properly payable by respondent, but remanded to the trial court, holding that factual findings concerning a defendant's ability to pay must be made whenever restitution is ordered.[1]

## II.

The first issue on which we granted certiorari is whether the trial court can order restitution, as a condition of a sentence to probation, payable to a victim of a related offense arising out of the same criminal episode where the defendant was not charged with the related offense.

■ Section 16–11–204.5, 8 C.R.S. (1983 Supp.), stated in pertinent part as follows at the time the defendant was sentenced:[2]

As a condition of every sentence to probation, the court shall provide that the defendant make restitution to the victim of his conduct for the actual damages which were sustained.... The amount of such restitution shall be based on the actual, pecuniary damages sustained by the victim, the ability of the defendant to pay, and the defendant's obligations to support his dependents and to meet other family obligations....

This statute requires trial courts to impose mandatory restitution payments in connection with sentences to probation. In *People v. Deadmond*, 683 P.2d 763 (Colo.1984), we construed the statute as follows:

The language of Colorado's statute is unambiguous. Payment of restitution is authorized only as to the victim of a

---

1. Since the defendant was released from probation supervision on June 5, 1985, the People can no longer attempt to revoke probation for failure to pay restitution. Accordingly, the case is moot. However, because the case raises important issues capable of repetition yet potentially evading review, we will address the issues on which certiorari was granted. *See Urevich v. Woodard,* 667 P.2d 760 (Colo.1983) (dealing with initiative proposed for 1982 election); *Goedecke v. Dept. of Institutions,* 198 Colo. 407, 603 P.2d 123 (1979) (determination of patient's right to refuse short-term administration of anti-psychotic drugs after administration completed); *Bruce v. Leo,* 129 Colo. 129, 267 P.2d 1014 (1954) (use of *nolo contendre* plea as proof of conviction in collateral proceedings); *cf. Parker v. People,* 135 Colo. 206, 309 P.2d 605 (1957) (refusing to hear appeal from revocation of real estate broker's license for cause when license had expired pursuant to statute by the time of the revocation hearing).

2. Section 16–11–204.5 has been amended since the time of sentencing in this case. The current version provides for restitution to the victim of the defendant's conduct "or to a member of the victim's immediate family" for actual damages sustained. § 16–11–204.5, 8A C.R.S. (1986).

defendant's conduct, and only for the actual pecuniary damage the victim sustained as the direct result of the defendant's conduct. The language unequivocally states a legislative intent to authorize restitution payments only to the direct victims of criminal conduct—the person or entity whose injuries resulted from the conduct alleged as the basis for criminal proceedings against the defendant.

*Deadmond* at 774 (footnote omitted). We thus recognized a clear legislative policy to limit the authority of trial courts to require restitution payments as a condition of probation. Absent consent, a defendant granted probation upon conviction of an offense may be required to pay restitution only to persons injured by the conduct alleged as the basis for the conviction. Such allegations would generally be found in the information or an indictment.[3]

In *People v. Milne*, 690 P.2d 829 (Colo. 1984), we recognized that a trial court may enter a probation order requiring a defendant, without his consent, to pay restitution to persons not named specifically in an information, so long as the criminal conduct directly causing the injuries sustained by such persons was alleged in the information. In *Milne*, the defendant was found guilty of violating a statute that required a license to sell securities. The evidence at trial established that the defendant had sold numerous "investment notes" to several parties. Recognizing that each sale constituted a separate violation of the statute, we concluded that each note purchaser was directly injured by the conduct charged in the information and, therefore, was entitled to restitution even in the absence of the defendant's consent.

In *Milne*, the elements of the offense charged—unlicensed sale of securities—did not include injury to any particular person or entity. Many other offenses do not require proof that any particular person or entity suffered injury as a result of the prohibited conduct.[4] Although in such circumstances names of persons or entities actually suffering injuries as a direct result of the conduct allegedly constituting the offense would not normally appear in the charging document, section 16–

---

**3.** Specific names of persons allegedly injured by a defendant's conduct might also be disclosed by a bill of particulars or through Crim.P. 16 discovery proceedings.

**4.** For example, § 18–4–202, 8B C.R.S. (1986), provides:

> **First degree burglary.** (1) A person commits first degree burglary if he knowingly enters or remains unlawfully in a building or occupied structure with intent to commit therein a crime, other than trespass as defined in this article, against a person or property, and if in effecting entry or while in the building or occupied structure or in immediate flight therefrom, he or another participant in the crime assaults or menaces any person, or he or another participant is armed with explosives or a deadly weapon.

Thus, the statute does not necessarily require proof that the perpetrator caused property damage in breaking into or leaving the building or proof that any person was injured. Similarly, § 18–4–502, 8B C.R.S. (1986), which states that "[a] person commits the crime of first degree criminal trespass if he knowingly and unlawfully enters or remains in a dwelling or if he enters any motor vehicle with intent to steal anything of value," does not require proof of any property damage incurred during the commission of the crime, though such damage may have been incurred. Under §§ 18–5–102 and 103, 8B C.R.S. (1986), the offenses of first degree or second degree forgery may be established without a showing that any actual monetary damage was suffered by any person.

Section 24–4.1–102, 10 C.R.S. (1986), of the Colorado Crime Victim Compensation Act, provides the following definition for purposes of that statute:

> "Victim" means a person who suffers property damage as a result of a compensable crime; is killed or injured in this state as a result of a compensable crime perpetrated or attempted against him; is killed or injured in another state as a result of a compensable crime that began in this state; or is killed or injured in this state while attempting to assist a person against whom a compensable crime is being perpetrated or attempted, if that attempt of assistance would be expected of a reasonable man under the circumstances.

§ 24–4.1–102(10), 10 C.R.S. (1986). The definition of "compensable crime" contained in that statute includes any act in violation of § 42–4–1202(1) or (1.5), 17 C.R.S. (1984). Violations of the latter subsections—driving under the influence of alcohol or certain other drugs—constitute misdemeanor offenses and require no proof of damages to any victim as an element of those crimes.

11–204.5 would require a trial court electing to impose a sentence of probation to order restitution payments to any such unnamed person or entity. If the offense charged does require as an element of proof the fact of injury to a particular person or entity, the statute would prohibit a trial court from ordering, as a condition of a sentence to probation, restitution to anyone other than the particular entity or person whose injuries were alleged in the charging document to have resulted from the defendant's conduct. *See Deadmond.*

In *Cumhuriyet v. People,* 200 Colo. 466, 615 P.2d 724 (1980), this court reversed a court of appeals decision that had affirmed a restitution order for a sum not the subject of criminal charges. The statute then applicable, § 16–11–204(2)(e), 8 C.R.S. (1978), granted trial courts discretion to require a defendant, as a condition of probation, to "[m]ake restitution ... to the victim of his conduct for the damages or injury which was sustained...." Noting the absence of any allegation in the information filed against the defendant or in the probation report prepared for the sentencing hearing that conduct of the defendant had caused damage to a particular retail establishment, we held that the trial court improperly ordered restitution to that establishment.

In *Cumhuriyet,* we recognized the possibility that the statute then applicable might have granted trial courts discretion to require restitution as a condition of probation for conduct allegedly committed by a defendant but not charged in a formal accusation. We expressly left open "the question of [what] showing short of a criminal conviction [is] required to establish the defendant's culpability for the injury before restitution may be imposed." *Cumhuriyet,* 200 Colo. at 469, 615 P.2d at 726. We also observed that some jurisdictions require notice and an opportunity for the defendant to be heard before considering restitution for losses from related offenses.

Examining cases from other jurisdictions, one principle that seems to hold true is that where a defendant agrees to pay restitution to "victims" named in dismissed counts but not named in counts to which the defendant pleads guilty as a part of a plea bargain, a restitution order issued as a condition of sentence is valid. However, a defendant who did not agree that he would pay restitution to victims of counts other than those to which he pled guilty until after his plea has been taken could not be ordered to pay restitution to those unnamed victims. *See, e.g., Kimbrell v. State,* 666 P.2d 454 (Alaska App.1983) (order of restitution to victims of dismissed charges remanded for determination whether defendant agreed at time of plea to make restitution to those victims); *Dent v. State,* 432 So.2d 163 (Fla.App. 4 Dist. 1983) (order of restitution to victims of uncharged crimes upheld because the record indicated that the defendant had agreed, at the time of the plea, to make such restitution); *State v. Kennedy,* 327 N.W.2d 3 (Minn.1982) (defendant must agree at time of plea to make restitution to any victims not named in counts to which he pleads if a restitution order to those victims is to be valid).

Many courts have reached this result even though the applicable statute apparently does not allow restitution except to the victims of the crimes for which the defendant is convicted. For example, the federal courts, interpreting a much more narrowly drawn statute than section 16–11–204.5, have reached the same conclusion. Restitution, as a condition of probation, is only to be ordered "to aggrieved parties for actual damages or loss caused by the offense for which conviction was had...." 18 U.S.C. § 3651 (1986). Nonetheless, restitution has been awarded to unnamed victims incident to a plea agreement. *E.g., United States v. Davies,* 683 F.2d 1052 (7th Cir.1982) (defendant pled guilty to two counts of mail fraud; damage from those two counts was $661; order of restitution of more than $2,000 to victims of counts to which defendant did not plead guilty upheld); *cf. United States v. Hawthorne,* 806 F.2d 493 (3d Cir.1986) (where defendant was given no notice before he entered his plea, he could not be ordered to pay restitution to a victim of a crime with which he was not charged); *United States*

*v. Orr*, 691 F.2d 431 (9th Cir.1982) (order of restitution to victim of crime to which defendant did not plead guilty invalid because defendant did not agree to make restitution to that victim as part of plea bargain).

State courts have reached the same result interpreting similarly narrow statutes. *E.g., State v. Davis*, 57 Or.App. 322, 644 P.2d 623 (1983) (where defendant pled guilty to theft and agreed as part of a plea agreement to civil liability for odometer rollbacks on cars, and charges relating to those rollbacks were dismissed, restitution order to pay purchasers of the tampered automobiles was valid despite the fact that the statute only allowed restitution to the "victim" of "convicted criminal activities.").

■ We think that the reasoning in these cases is persuasive. Where a defendant agrees to make restitution at the time of entering a plea, he cannot later disavow the agreement on the basis that there was no showing that he had caused the victim's injury.

■ In the present case, respondent was only charged with and entered a plea of guilty to crimes relating to Mastalski. Even though Darr's injuries arose out of the same incident, the respondent never agreed to pay restitution to him, and thus it was improper to order restitution to Darr.

■ Respondent's acceptance of the sentence of probation at the sentencing hearing is insufficient to establish that he agreed to pay restitution to Darr. At that point in time, a plea of guilty had already been entered. As such, while he contested the restitution order at the sentencing hearing, it is understandable that he would not refuse probation. Instead, as most defendants would do under similar circumstances, the respondent accepted the sentence and then appealed the order of restitution.

### III.

The court of appeals observed that the statute provides for the trial court to "base" its restitution awards on several factors, including ability to pay, but does not use the term "find." *See, generally,* § 16–11–204.5, 8A C.R.S. (1986). Nevertheless, it ordered a finding of ability to pay be made in all cases to facilitate appellate review. *Quinonez*, 701 P.2d at 75.

■ There is no doubt that the legislature knows how to require express factual findings when it feels such are appropriate. *E.g.* § 18–1–105(7), 8B C.R.S. (1986) (requiring express findings by trial court explaining its reasons for sentencing). Since the legislature has indicated that such findings are not required,[5] we should not impose this additional burden upon trial courts absent compelling needs. No such needs are present in this area.

■ Of course, in determining the amount of restitution, the trial court should make use of the probation or presentence report and any other evidence which the parties present at the sentencing hearing regarding the amount of damage, the defendant's present and future financial circumstances, and his family obligations.

Accordingly, the judgment of the court of appeals is affirmed in so far as it reverses the order of restitution to Darr and reversed as to the remand requiring the trial court to make factual findings of respondent's ability to pay restitution to Mastalski's estate.

---

5. Our conviction that the legislature did not intend to require factual findings is strengthened by the fact that until its amendment in 1985, the restitution statute contained the following phrase "except that the making of restitution shall be waived totally if the court finds that such restitution will work an undue hardship on the defendant or his family." § 16–11– 204, 8 C.R.S. (1979 Supp.). Thus the legislature had required the court to make a finding only when restitution was to be waived. When this section was amended in 1985, the legislature again chose not to require findings when restitution is ordered. Ch. 139, sec. 1, § 16–11–204.- 5, 1985 Colo.Sess.Laws 628, 630.