**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Christine BORQUEZ, Defendant–Appellant.**

**No. 88CA0609.**

Colorado Court of Appeals, Div. I.

Aug. 9, 1990.

Rehearing Denied Sept. 6, 1990.

Certiorari Granted Dec. 10, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Ann Feinstein Levis and Wendy Ritz, Asst. Attys. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge PIERCE.

Defendant, Christine Borquez, appeals the trial court's order of restitution. We vacate the order.

Defendant contends that the trial court exceeded its statutory authority in ordering restitution for damages which were not the basis of her plea. We agree.

■ Unless defendant consents to a more extensive order, a defendant granted probation upon conviction of an offense may be required to pay restitution only to persons injured by the conduct alleged as the basis of the conviction. Such allegations would generally be found in the information or indictment. *People v. Quinonez*, 735 P.2d 159 (Colo.1987).

■ Here, the information charged defendant with theft from a department store on December 5, 1986. Pursuant to a plea agreement, defendant pled guilty to the added charge of attempted theft. Since the store had already recovered the items taken on December 5, 1986, the trial court ruled that there was no restitution due as to those items.

While defendant admitted to other uncharged thefts from the store, she did not consent to pay restitution to the store for these thefts. At the time that the plea was entered, defendant's counsel stated:

"Miss Borquez will be pleading guilty to a reduced charge, a Class 5 Felony. Additionally, the district attorney has agreed there will be no other filings based out of this series of events. Finally, the issue of restitution is left completely open, which we'll have to bring up to the Court probably at sentencing and let the Court resolve it."

The issue of restitution was vigorously contested at the sentencing hearing. At that time, defendant's counsel stated:

"We've read the pre-sentence report, have no additions or corrections.

I would indicate to the Court that the last time we were here we told the Court that there was an issue as to restitution, and if the Court wants to take that up after sentencing, we can do that."

At three other points during the hearing, defendant's counsel strongly argued against any restitution. Hence, there was no consent to the restitution ordered.

The trial court's reliance on *People v. Milne*, 690 P.2d 829 (Colo.1984) in ordering restitution is misplaced. In *Milne*, the elements of the offense charged—unlicensed sale of securities—did not include injury to any particular person or entity. The theft statute, § 18–4–401(6), C.R.S. (1986 Repl. Vol. 8B), on the other hand, requires the name of the victim. Therefore, the trial court exceeded its authority in ordering restitution for other thefts to which the defendant did not plead guilty.

We are unaware of any authority that would approve or disapprove the authorization of payment of interest on the reimbursement of restitution which defendant now requests. This matter may be explored by the trial court on remand.

We need not address defendant's other contention of error.

The order is vacated, and the cause is remanded to the trial court for reimbursement of restitution and for consideration of whether interest is appropriate.

CRISWELL, J., concurs.

NEY, J., dissents.

Judge NEY, dissenting.

I dissent.

I would affirm the trial court's order of restitution because I believe the record reflects that the defendant consented to restitution, contemplating the entire series of thefts, as a condition of her plea bargain. I also believe that *People v. Quinonez*, 735 P.2d 159 (Colo.1987) is distinguishable from the facts in this case.

Section 16–11–204.5(1), C.R.S. (1986 Repl. Vol. 8A) provides:

"As a condition of every sentence to probation, the court shall provide that the defendant make restitution to the victim

of his conduct or to a member of the victim's immediate family for the actual damages which were sustained. Such restitution shall be ordered by the court as a condition of probation."

Although the information charged defendant with theft from her employer's department store on December 5, 1986, the defendant admitted using the same scheme in a series of thefts from the same store. The first person to advise the court of the plea agreement was defendant's counsel, who made reference to "no other filings based out of this series of events". Counsel also stated that the issue of restitution was completely open, and was an issue "which we'll have to bring up to the court probably at sentencing and let the court resolve that."

Further, the probation report attributes to defendant the statement, "I have agreed to leave the amount of restitution up to the judge." The defendant prepared a list of the items which she admitted having stolen from her employer. That list reflects that the total monetary amount of theft was an amount greater than the amount of restitution recommended by the probation report. In a written statement to the probation department which was included in its report, the defendant states, "I am willing to pay for what I got or tried to get from them. But I don't think I should have to pay for everyone elses [sic] mistakes...." At the time of the sentencing hearing, defendant's counsel stated that she had read the presentence report, and had no additions or corrections.

In my view, these matters of record show that defendant consented to the restitution ordered by the trial court. I also believe the majority's reliance on *People v. Quinonez, supra,* is misplaced. The fundamental holding in *Quinonez* is that a defendant may be required to pay restitution only to persons injured by the conduct alleged as the basis for the conviction. That ruling arose from a situation in which restitution had been ordered paid to persons other than victims of the crimes for which the defendant was charged. Here, however, the defendant has admitted to a series of thefts from the same victim—her employer, and restitution has been ordered only as to that victim.

Finally, in my view, a fair reading of § 16–11–204.5(1) compels the conclusion that a defendant may be ordered to pay restitution for the loss the victim suffers in a series of crimes against that same victim. Indeed, the contrary interpretation implicit in the majority opinion permits the defendant to avoid her responsibility to compensate the victim for the loss indisputably attributable to her. I cannot conceive that the General Assembly intended such a result.

I would therefore affirm the restitution order of the trial court.