The PEOPLE of the State of
Colorado, Petitioner,

v.

Christine BORQUEZ, Respondent.

No. 90SC630.

Supreme Court of Colorado,
En Banc.

July 9, 1991.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russell, First Asst. Atty. Gen., Wendy J. Ritz, Asst. Atty. Gen., Appellate Section, Denver, for petitioner.

David F. Vela, Colo. State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, for respondent.

Chief Justice ROVIRA delivered the Opinion of the Court.

We granted certiorari to review the court of appeals decision in *People v. Borquez*, 801 P.2d 14 (Colo.App.1990), holding that the trial court exceeded its authority in ordering the respondent Christine Borquez to pay restitution for thefts that were not the basis of her plea. We disagree and accordingly reverse.

I

Borquez had been working as a cashier at a Target store ("Target") since May of

1986. On December 5, 1986, a customer came to her register with several items in a shopping cart. Borquez placed items totalling $628.15 in shopping bags, but rang up the transaction as a sale worth only $14.77. A security guard was watching the incident, and when the customer left with the purchases, the guard followed her and brought her back into the store.

On being questioned about the incident by store personnel, Borquez admitted that she had not charged the customer for all of the goods, and that on several other occasions she had given away merchandise in a similar manner. She then provided an extensive list of items, worth approximately $2,900, that she had given away in exchange for money from those receiving the goods. Borquez and the customer were arrested and brought to the police station where they were read their rights, which they both waived. Both gave statements as to their involvement in the theft.

Borquez was referred to the Adams County District Attorney's Diversion Program. As a condition, she agreed to pay restitution to Target. Target notified the Diversion Program that it was seeking $2,370.70 in restitution based upon the list that Borquez had provided and her statement that she had stolen over $2,900 worth of merchandise. Borquez informed a counselor with the Diversion Program that she did not agree with the figure, and she elected to withdraw from the program.

Borquez was charged with one count of theft, a class 4 felony, from Target on December 5, 1986, for merchandise valued at $300 or more, but less than $10,000. Pursuant to a plea agreement, Borquez agreed to plead guilty to an added count of attempted theft, a class 5 felony. At the time the plea was entered, defense counsel stated that "the district attorney has agreed that there will be no other filings based out of this series of events. Finally, the issue of restitution is left completely open, which we'll have to bring up to the Court probably at sentencing and let the Court resolve that."

At the sentencing hearing, the trial court imposed a sentence of three years probation and ordered payment of restitution in the amount of $2,370.70 to Target as a condition of probation. Defense counsel objected, arguing that Borquez should not be required to pay any restitution on the uncharged offenses because they were not part of the plea agreement, and that Target had incurred no damage as a result of Borquez's charged conduct on December 5, 1986 because the merchandise had been recovered.

The court of appeals, in a divided opinion,[1] reversed the trial court, holding that it exceeded its authority in ordering restitution for damages that were not the basis of the plea; that Borquez did not consent to pay restitution for the uncharged thefts; and that Target had recovered all of the merchandise that was taken on December 5, 1986, and thus incurred no loss. We disagree and accordingly reverse.

II

The court of appeals held that the trial court exceeded its jurisdiction in ordering restitution for thefts to which Borquez did not specifically plead guilty. This ruling is not in accordance with the plain language of the statute and the intent of the legislature.

Section 16–11–204.5(1), 8A C.R.S. (1986), provides in part that:

As a condition of every sentence to probation, the court shall provide that the defendant make restitution to the victim of his conduct or to a member of the victim's immediate family for the actual damages which were sustained. Such restitution shall be ordered by the court as a condition of probation. The amount of such restitution shall be based on the

---

1. In dissent, Judge Ney stated that "a fair reading of § 16–11–104.5(1) compels the conclusion that a defendant may be ordered to pay restitution for the loss the victim suffers in a series of crimes against that same victim. Indeed, the contrary interpretation implicit in the majority opinion permits the defendant to avoid her responsibility to compensate the victim for the loss indisputably attributable to her. I cannot conceive that the General Assembly intended such a result."

actual, pecuniary damages sustained by the victim, and the ability of the defendant to pay, and the defendant's obligations to support his dependents and to meet other family obligations.

Section 16–11–204.5(4) defines "victim" as used in the statute as:

the party immediately and directly aggrieved by a defendant who is convicted of a criminal act and who is granted probation, as well as others who have suffered losses because of a contractual relationship with such party or because of liability under section 14–6–110, C.R.S. If there is more than one victim, the party immediately and directly aggrieved shall first be compensated for his loss.

■ The court must give effect to a statute according to the plain and ordinary meaning of the words employed in accordance with the intent of legislature. *See, e.g., Kane v. Estes Park*, 786 P.2d 412 (Colo.1990).

■ Section 16–11–204.5 requires trial courts to impose mandatory restitution payments for the benefit of the party immediately and directly aggrieved by a defendant who is convicted of a criminal act. Such payments are based on the actual, pecuniary damages sustained by the victim. "Payment of restitution is authorized only as to the victim of a defendant's conduct, and only for the actual pecuniary damage the victim sustained as the direct result of the defendant's conduct." *People v. Deadmond*, 683 P.2d 763, 774 (Colo.1984).

Under the facts of this case, the trial court was required to impose restitution as a condition of probation. Target was clearly a "party immediately and directly aggrieved by a defendant" who was convicted of a criminal act and who was granted probation. Borquez's actions directly resulted in "actual, pecuniary damages" to Target. Borquez acknowledged her criminal conduct and the resulting pecuniary loss incurred by Target in several written statements and defense counsel tacitly admitted that the plea agreement was based upon a series of thefts.

The court of appeals relied on *People v. Quinonez*, 735 P.2d 159 (Colo.1987), for the proposition that a defendant granted probation may be required to pay restitution only to persons injured by the conduct alleged as the basis of the conviction. In *Quinonez*, the trial court had required that restitution be paid to the particular person whose injuries were alleged to have resulted from the defendant's charged conduct and additionally to a person whose injuries were not alleged to have resulted from the defendant's charged conduct. We reversed the trial court's award of restitution, holding that "[i]f the offense charged does require as an element of proof the fact of injury to a particular person or entity, the statute would prohibit the trial court from ordering, as a condition of a sentence of probation, restitution to anyone other than the particular entity or person whose injuries were alleged in the charging document to have resulted from the defendant's conduct." *Quinonez*, 735 P.2d at 163.

In *Quinonez*, the offense charged required as an element of proof the fact of injury to a particular person; thus the trial court improperly required that restitution be paid to a person whose injuries were not alleged in the charging document to have resulted from the defendant's charged conduct. Here, the trial court required that restitution be paid to a person whose injuries were alleged to have resulted from the defendant's charged conduct. The theft statute applicable to Borquez requires the name of the victim in the charging document[2] and Target was the particular entity whose injuries were alleged in the charging document to have resulted from Borquez's conduct. Thus, based upon the holding in *Quinonez*, an award of restitution to Target was not improper.

■ Additionally, the court in *Quinonez* reiterated the ruling in *Cumhuriyet v. People*, 200 Colo. 466, 469, 615 P.2d 724, 726 (1980), that a criminal conviction establishing the defendant's culpability is not required in order to impose restitution. *Quinonez*, 735 P.2d at 163. "The proba-

**2.** *See* § 18–4–401(6), 8B C.R.S. (1986).

tion report may be enough to support an order for such restitution if the defendant is given an opportunity to question the presentence report at the probation hearing." *Cumhuriyet*, 200 Colo. at 469, 615 P.2d at 726. This is one such case where the probation report supports the order for restitution. Included in Borquez's probation report was the extensive list of stolen items that she compiled, and a signed statement by her indicating, "I am willing to pay for what I got or tried to get from [Target]. But I don't think I should have to pay for everyone elses [sic] mistakes as Target is trying to get me to." Clearly, this particular probation report established that Target sustained actual, pecuniary losses as a result of Borquez's criminal conduct.

The trial court's award of restitution was in accordance with the intent of the legislature in enacting section 16–11–204.5(4). Restitution as a condition of probation is intended to make the victim of the criminal offense whole, to the extent practicable, and to take the profit out of crime. *People v. Milne*, 690 P.2d 829, 836 (Colo. 1984); *Cumhuriyet*, 200 Colo. at 469, 615 P.2d at 726. Restitution was appropriate because Target incurred a loss while Borquez profited from the incident.

Accordingly, the court of appeals judgment is reversed and the trial court's order of restitution as a condition of probation is reinstated.

LOHR, J., concurs in part and dissents in part, and KIRSHBAUM and MULLARKEY, JJ., join in the concurrence and dissent.

Justice LOHR concurring in part and dissenting in part:

I disagree with the conclusion of the majority that an order of restitution pursuant to section 16–11–204.5(1), 8A C.R.S. (1986), as a condition of probation may be based on conduct other than that specifical-

ly charged or conduct that forms a basis for a plea agreement. However, because I conclude that the defendant consented to allow the court to fix restitution based on uncharged criminal conduct as part of the plea agreement, I concur in the judgment of the court.

## I.

On December 5, 1986, a security officer for Target Stores, Inc. observed Christine Borquez, a cashier for Target, checking and bagging merchandise for a customer without ringing up numerous items on the cash register. The customer was apprehended upon leaving the store, and all items taken were recovered. Borquez was questioned by the security officer. She confessed to the incident and stated she had engaged in similar conduct on prior occasions during her employment as a Target cashier since May 1986. Borquez then supplied the security officer with a list of additional merchandise taken. This formed the basis for Target's estimate of $2370.70 in stolen merchandise.

Borquez was placed in the Adams County Adult Diversion Program (ADP) on condition that she make restitution to Target. When Target later informed ADP officials that the amount of restitution claimed was $2370.70, Borquez objected to the amount and withdrew from ADP.

Borquez then was charged with theft of items valued between $300 and $10,000 based on the incident that occurred on December 5, 1986 (Count I). As a result of a plea agreement, an additional charge of attempted theft was added, based on the same incident (Count II). Pursuant to the agreement, Borquez pled guilty to Count II, and Count I was dismissed. The district attorney agreed not to file additional charges based on the series of events to which Borquez had admitted. The plea agreement left the issue of restitution open.[1]

1. During the providency hearing, defense counsel stated as an element of the plea agreement, "the issue of restitution is left completely open, which we'll have to bring up to the Court probably at sentencing and let the Court resolve that."

The prosecutor agreed. In the defendant's statement attached to the presentence investigation report, she said that "I am willing to pay for what I got or tried to get from [Target]. But I don't think I should have to pay for everyone

At the sentencing hearing, defense counsel argued that restitution must be confined to the incident of December 5, 1986, as to which all merchandise was recovered. The trial court did not accept this argument and ordered restitution in the amount of $2370.70. The court reasoned that the loss occurred as part of the defendant's conduct regardless of the specification of only one date in the charge. The Colorado Court of Appeals reversed in a divided opinion, concluding that restitution could not be ordered for "other thefts to which the defendant did not plead guilty," i.e., thefts of merchandise allegedly lost in incidents other than the December 5, 1986, incident that formed the basis of the criminal charge for which the defendant was convicted. *People v. Borquez*, 801 P.2d 14, 15 (Colo.App. 1990).

## II.

Probation is a legislatively created sentencing alternative; therefore, any conditions imposed as terms of probation must be authorized by statute. *People v. Deadmond*, 683 P.2d 763, 772 (Colo.1984); *Cumhuriyet v. People*, 200 Colo. 466, 615 P.2d 724 (1980).

Section 16–11–204.5(1) provides that

[a]s a condition of every sentence to probation, the court shall provide that the defendant make restitution to the *victim of his conduct* or to a member of the victim's immediate family for the actual damages which were sustained. Such restitution shall be ordered by the court as a condition of probation. The amount of such restitution shall be based on the actual, pecuniary damages sustained by the victim ....

(Emphasis added.) The section further defines "victim" as "the party immediately and directly aggrieved by a defendant who is *convicted of a criminal act* and who is granted probation...." Section 16–11–204.5(4), 8A C.R.S. (1986) (emphasis added).

The majority appears to hold that this language authorizes the trial court to order restitution for all other incidents of loss caused by the defendant to the party harmed by the criminal conduct charged, regardless of whether those incidents were charged or contemplated as part of the plea agreement. *See* maj. op. at 384–385.[2] Instead, the incidents need only be uncovered as part of the investigation and referred to in the probation report. *Id.* at 384. I disagree that this comports with the plain meaning of section 16–11–204.5(1) or with our prior cases.

In *People v. Quinonez*, 735 P.2d 159 (Colo.1987), relied on by the majority, we stated that "[a]bsent consent, a defendant granted probation upon conviction of an offense may be required to pay restitution only to persons injured *by the conduct alleged as the basis for the conviction.*" *Id.* at 162 (emphasis added). We noted that in *Cumhuriyet v. People*, 200 Colo. 466, 615 P.2d 724 (1980), "[w]e expressly left open 'the question of [what] showing short of a criminal conviction [is] required to establish the defendant's culpability for the injury before restitution may be imposed.'" *Quinonez*, 735 P.2d at 163 (quoting *Cumhuriyet*, 200 Colo. at 469, 615 P.2d at 726) (brackets in *Quinonez*).[3] We then held that absent an agreement at the time a plea is entered, the defendant *cannot* be ordered to pay restitution for injury resulting from conduct alleged in charges to which she did not plead guilty. *Id.* at 164.

---

elses [sic] mistakes as Target is trying to get me to." Particularly in light of the defendant's statement, the only reasonable interpretation of "the issue of restitution" left open by the plea agreement is that it concerned the amount of restitution, not the court's authority to order restitution.

**2.** Although the majority states that "[h]ere, the trial court required that restitution be paid to a person whose injuries were alleged to have resulted from the defendant's charged conduct," maj. op. at 384–385, it is clear that the losses

on which the restitution was based did not stem from the charged conduct.

**3.** We did note in *Cumhuriyet* that "[t]he probation report may be enough to support an order for such restitution if the defendant is given an opportunity to question the pre-sentence report at the probation hearing." 200 Colo. at 469, 615 P.2d at 726. This statement was not reiterated in our discussion of *Cumhuriyet* in *Quinonez*. The holding in *Quinonez* implicitly rejects this suggestion in *Cumhuriyet*.

The facts in *Quinonez* involved injury to one victim and death of another. The defendant pleaded guilty to a charge of accessory to first degree murder of the victim who died. The defendant was not charged with any crime concerning the injured victim, and did not agree to pay restitution to the injured victim. Nevertheless, the sentencing court imposed such an obligation when granting probation. We held this order to be unauthorized by the version of section 16–11–204.5 then in effect.[4] In reaching this result, we quoted with approval from our decision in *People v. Deadmond*, 683 P.2d 763 (Colo.1984), construing section 16–11–204.5, in which we stated that

> "[t]he language unequivocally states a legislative intent to authorize restitution payments only to the direct victims of criminal conduct—the person or entity *whose injuries resulted from the conduct alleged as the basis for criminal proceedings against the defendant.*"

*Quinonez*, 735 P.2d at 162 (quoting *Deadmond*, 683 P.2d at 774) (emphasis added). Although we were concerned in *Quinonez* with the issue of whether a court can order restitution to a person other than a named victim of a charged offense, our conclusion that such an order is unauthorized was based on our construction of section 16–11–204.5 to limit restitution to victims of "the conduct alleged as the basis for the conviction." *Quinonez*, 735 P.2d at 162.

Just as Quinonez was convicted of accessory to murder of a particular victim, Borquez was convicted of attempted theft on a particular date. The key is that the defendant be held accountable only for the criminal act of which she is given notice as a basis for the charge. *See Deadmond*, 683 P.2d at 774 (the policy of the General Assembly "is to limit the payment of restitution by adult probationers to the direct victims of the conduct of the defendant which is alleged as the basis for the criminal prosecution in question.").

To the extent that the majority concludes that conduct that is part of the investigation but not included in the charge or contemplated as a basis for the plea agreement may nevertheless form a basis for restitution, I dissent.

### III.

Despite my disagreement with the interpretation of section 16–11–204.5(1) by the majority, I agree that, under the facts of this case, the trial court's order of $2370.70 in restitution is authorized. We recognized in *Quinonez* that as part of a sentence to probation, a court may order a defendant to fulfill a plea agreement in which she agreed to make restitution to victims of criminal conduct alleged in charges that have been dismissed pursuant to that agreement. *Quinonez*, 735 P.2d at 163–64. The charges dismissed in *Quinonez* involved injury to a victim other than the victim named in the charge to which the defendant pled guilty. The principle applies with equal force, however, to charges or potential charges involving the *same* victim, but based on criminal conduct to which the defendant did not plead guilty.

The record indicates that the plea agreement in this case contemplated restitution for the entire series of thefts by Borquez from Target. On being confronted by a store security officer following the attempted theft on December 5, 1986, Borquez admitted to a series of thefts and supplied the store with a list of items taken. That list was used by Target to calculate the $2370.70 loss to the store. Borquez withdrew from ADP due to her disagreement with the *amount* claimed by Target in restitution. That withdrawal led to the filing of formal charges. The charges included only the December 5, 1986, incident for which *all* the merchandise was returned. Section 16–11–204.5(1) authorizes restitution only for "actual, pecuniary damages sustained by the victim." The December 5, 1986, incident resulted in no actual, pecuniary damages. Despite this obvious fact, Borquez entered into a plea agreement that left the award of restitution open. *See* note 1, *supra*. The only

---

4. § 16–11–204.5, 8 C.R.S. (1983 Supp.). The differences between that earlier statute and the one presently in effect are not relevant to the issue now before us.

possible basis for restitution was the list supplied by Borquez and disputed in her withdrawal from ADP.

Under these circumstances I would conclude that restitution for items taken throughout Borquez's eight month employment was contemplated, even though not settled in amount, by the plea agreement. Having agreed to leave that issue open, Borquez cannot now assert that the trial court erred in awarding the full amount claimed.

KIRSHBAUM and MULLARKEY, JJ., join in this concurrence and dissent.