The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Timothy SNYDER, Defendant–Appellant.

No. 90CA2048.

Colorado Court of Appeals,
Div. V.

Aug. 27, 1992.

Rehearing Denied Oct. 8, 1992.

Certiorari Denied April 12, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Cheryl A. Linden, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Sally S. Townshend, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Timothy Snyder, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of two counts of sexual assault on a child by a person in a position of trust and single counts of enticement, contributing to the delinquency of a minor, and transfer of marihuana to a person under 15 years of age. We affirm.

Prior to trial, *in limine* hearings were conducted to determine both whether hearsay statements of the 14–year–old victim would be admitted pursuant to § 13–25–129, C.R.S. (1987 Repl.Vol. 6A) and whether certain similar acts evidence was admissible. Defendant subpoenaed the victim to testify relative to both issues. The prosecution objected, representing that the victim would be available to testify at trial but that the victim would suffer significant trauma if he testified at the hearing. No evidence was offered in support of this statement.

The trial court ruled that the victim need not testify relative to whether the hearsay statements were admissible because of the prosecution's representation that the victim would testify at trial. The court declined, however, to quash defendant's subpoena insofar as the hearings were directed to the admissibility of similar acts evidence.

Following presentation of testimony on the hearsay issues, the trial court found that the victim's statements reflected sufficient indicia of reliability that this evidence would be admitted at trial. Defendant does not challenge either the sufficiency of

the court's findings or the record support for those findings on appeal.

Instead, defendant contends that he was denied his constitutional right to confront his accuser when the trial court refused to allow him to question the victim during the evidentiary hearing on the admissibility of the hearsay statements. We agree that, absent a finding with evidentiary support that the victim is unavailable, defendant is entitled to subpoena the victim to testify at the *in limine* hearing, provided he can show that such testimony would be relevant and necessary. We conclude that here, however, the error was harmless.

As pertinent here, under some circumstances, § 13–25–129 permits hearsay evidence of out-of-court statements made by a child describing any act of sexual contact on the child declarant, even though the statement is not otherwise admissible pursuant to a statute or court rule. Such statements are admissible if:

> (a) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and
> (b) The child either:
> (I) Testifies at the proceedings; or
> (II) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

Section 13–25–129(1), C.R.S. (1987 Repl. Vol. 6A).

The parties disagree on whether the term "proceedings" refers to both the *in limine* hearing required by the statute and the trial or whether the term refers only to the trial. However, it is unnecessary to resolve this issue.

A review of the plain language of the statute itself reveals that there is no prohibition against defendant subpoenaing the victim to testify at the hearing required by § 13–25–129. *See People v. Borquez*, 814 P.2d 382 (Colo.1991) (court must give effect to the plain meaning of the language of the statute). And, a victim's testimony in

many cases may be relevant and necessary to the determination required by the statute. Hence, we conclude that, absent a finding of unavailability, the victim should be subject to subpoena for such purpose.

Here, however, the victim testified both at the similar crimes hearing and at trial. Hence, we perceive no violation of defendant's constitutional right of confrontation. *See People v. Oliver*, 745 P.2d 222 (Colo. 1987).

Further, defendant does not challenge the trial court's *in limine* findings as to the reliability of the hearsay statements. In sum, the victim's testimony was not significantly inconsistent with that introduced via the hearsay statements, and thus, any error in the trial court's ruling was harmless.

The judgment is affirmed.

NEY and VAN CISE,* JJ., concur.