**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Robert Gilmore ESTES, Defendant–Appellant.**

**No. 94CA1198.**

Colorado Court of Appeals, Div. III.

Feb. 22, 1996.

As Modified on Denial of Rehearing March 21, 1996.

Certiorari Denied Sept. 16, 1996.

Gale A. Norton, Attorney General, Raymond T. Slaughter, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, David K. Rees, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, James Grimaldi, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge NEY.

Subsequent to entering a guilty plea to a charge of felony theft, defendant, Robert Gilmore Estes, was sentenced to eight years of probation and was ordered to pay restitution of $56,000. He appeals the restitution portion of the sentence. We affirm in part, vacate in part, and remand with directions.

The defendant entered into a relationship with a married woman, and early in that relationship, borrowed $9,000 from her to purchase an automobile.

Thereafter, defendant threatened the victim that he would reveal their relationship by disclosing alleged photographs and tape-recorded telephone conversations unless he was paid certain amounts. Ultimately, $44,000 was paid by the victim, but when further amounts were sought, she contacted law enforcement authorities and defendant was arrested.

Defendant was charged with criminal extortion and felony theft (class 3). He entered into a plea agreement whereby he plead guilty to an added count of felony theft (class 4) and the original charges were dismissed.

The trial court sentenced the defendant to a term of eight years of intensive supervised probation. As a condition of his probation, defendant was ordered to pay restitution of $56,000 to the victim. That amount consisted of the $44,000 paid to defendant, the $9,000 automobile loan, and $3,000 expended for counseling for the victim and her family. The court also directed that defendant pay for future counseling that might be needed by the victim and her family.

I

In an argument raised for the first time on appeal, defendant contends that because the criminal extortion statute under which he was charged, § 18–3–207(1), C.R.S. (1986 Repl.Vol. 8B), was later held to be unconstitutionally overbroad in *Whimbush v. People*, 869 P.2d 1245 (Colo.1994), the trial court's restitution order must be vacated because it penalizes conduct that is not criminal. We disagree.

■ Defendant's argument disregards the fact that he entered a plea of guilty to a charge of theft pursuant to § 18–4–401, C.R.S. (1986 Repl.Vol. 8B), rather than to a charge of criminal extortion. Defense counsel stipulated that a sufficient factual basis existed for the added charge of felony theft. The defendant was advised of the elements of the charge and admitted his commission of the elements of the charge. Thus, under the circumstances, we find no merit in defendant's contention that the entire restitution order penalizes non-criminal conduct. *See*

*People v. Sandreschi*, 849 P.2d 873 (Colo.App.1992)(entry of guilty plea operates as waiver of all non-jurisdictional defenses).

.

II

Defendant next maintains that the $9,000 automobile loan should not be part of the restitution portion of the sentence because the loan was not the result of criminal conduct. We agree.

■ Section 16–11–204.5, C.R.S. (1986 Repl.Vol. 8A) provides that as a condition of every sentence to probation, the court must provide that the defendant make restitution to the victim of his conduct or to a member of the victim's immediate family for the actual damages which were sustained. The intent of the statute is to make the victim whole and it specifically allows for repayment of the actual pecuniary damage the victim sustained as the direct result of the defendant's criminal conduct. *People v. Phillips*, 732 P.2d 1226 (Colo.App.1986).

■ A trial court has broad discretion in determining the appropriate terms and conditions of restitution orders, and absent a gross abuse of discretion, the trial court's ruling will not be disturbed on appeal. *People v. Dillingham*, 881 P.2d 440 (Colo.App. 1994).

■ The People's reliance on *People v. Borquez*, 814 P.2d 382 (Colo.1991) for the proposition that a restitution order may include losses sustained by a victim from non-criminal conduct is misplaced. *Borquez* stands for the proposition that a restitution order may properly include losses to a victim resulting from a series of *uncharged criminal actions* of defendant. However, we conclude that § 16–11–204.5 contemplates restitution to a victim only for losses resulting from criminal conduct by defendant.

■ There is no evidence that the $9,000 automobile loan was the result of any criminal activity. Accordingly, although that amount may be owed by defendant to the victim, it was improperly included in the amount of restitution.

III

Defendant next asserts that the portion of the restitution order for $3,000 for family

counseling is improper because the family members are not victims of defendant's criminal conduct. We disagree.

Section 16–11–204.5(1), C.R.S. (1986 Repl. Vol. 8A) provides for restitution to members of the victim's immediate family and includes within the definition of "immediate family" the victim's spouse and child.

Here, according to the victim impact statement, the effects of defendant's conduct extended to the family of the victim in that both the victim and her family sustained psychological trauma from the defendant's conduct. Because the victim and her family are all victims "immediately and directly aggrieved by a defendant" under the terms of § 16–11–204.5(4), C.R.S. (1986 Repl.Vol. 8A), we conclude that the trial court did not abuse its discretion in including $3000 as part of the restitution order for family counseling.

### IV

Next, defendant argues that the trial court erred in ordering defendant to pay an undetermined amount of restitution for the family's future counseling. We agree.

A portion of the trial court's order was left open to compensate the victim and her family for their future counseling expenses in the event that such counseling was needed. However, although statements made at the sentencing hearing indicated that the victim and her family had paid $3,000 for counseling at the Colorado Family Counseling Center, no evidence appears in the transcript which reveals the need for future counseling.

Because the amount of restitution awarded must be based on the "actual, pecuniary damages sustained," § 16–11–204.5(1), we conclude that, absent evidence supporting the need for future counseling, the trial court erred in ordering restitution for undetermined future counseling expenses. Thus, that portion of the restitution order must be vacated.

### V

Finally, defendant contends the restitution order must be vacated because the trial court failed to consider his ability to make restitution. We disagree.

In determining the amount of restitution, the trial court should make use of the probation or presentence report and any other evidence which the parties present at the sentencing hearing regarding the amount of damage, the defendant's present and future financial circumstances, and his family obligations. However, the trial court need not make express factual findings with regard to these factors. *People v. Quinonez*, 735 P.2d 159 (Colo.1987).

The statements presented at the sentencing hearing revealed that the defendant was employed as an educational director at a boys' ranch. Accordingly, the record supports the trial court's conclusion that the defendant has the ability to pay restitution.

The restitution order is remanded with instructions to vacate the portions of the order regarding the $9,000 auto loan and the undetermined expenses of future counseling. The remaining portions of the order are affirmed.

PLANK and ROY, JJ., concur.