**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Roque Herman ARMIJO, Jr.,**
**Defendant–Appellant.**

No. 98CA1137.

Colorado Court of Appeals,
Div. II.

June 10, 1999.

Rehearing Denied Oct. 28, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, David B. Bush, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Scott H. Robinson, P.C., Scott H. Robinson, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Defendant, Roque Herman Armijo, Jr., appeals the sentence and order of restitution imposed upon his conviction for theft. We affirm defendant's sentence, vacate the order of restitution, and remand the cause for further proceedings.

A state grand jury returned an indictment charging defendant with multiple felonies stemming from his alleged participation in a wide-ranging theft ring. Pursuant to a plea agreement, defendant pled guilty to a single count of theft of property valued at more than $15,000, a class three felony with a presumptive sentencing range of four to twelve years. Sections 18–1–105(1)(a)(V)(A) & 18–4–401(2)(d), C.R.S.1998. The remaining charges were dismissed.

The court sentenced defendant to 12 years in the custody of the Department of Corrections and established the amount of restitution owed by defendant as $1,700,000. Most of the restitution ordered by the trial court related to counts which were dismissed as part of the plea agreement and which named victims other than the victim named in the count to which defendant had pled guilty.

I.

Defendant first argues that the trial court abused its discretion by imposing the maximum presumptive range sentence. We disagree.

Sentencing is by its very nature a discretionary function, and because the trial court is more familiar with the defendant and the circumstances of the case, it is accorded wide latitude in its decisions on such matters. *People v. Fuller*, 791 P.2d 702 (Colo.1990).

A trial court has broad discretion in imposing a sentence because of its familiarity with the circumstances of the case. Thus, on appellate review a trial court's decision will be accorded great deference, and only in exceptional cases will the appellate court substitute its judgment for that of the trial court in sentencing matters. *People v. Blizzard*, 852 P.2d 418 (Colo.1993).

Rehabilitation is only one of many considerations that must be considered in determining the appropriate sentence. *People v. Horne*, 657 P.2d 946 (Colo.1983). A sentencing court is also to consider the nature of the offense, the character of the offender, and the public interest in safety and deterrence when reviewing sentences for excessiveness. *Flower v. People*, 658 P.2d

266 (Colo.1983). Thus, a lengthy sentence may well be justified even in the absence of a criminal record when the offense is particularly egregious. *People v. Mattas,* 645 P.2d 254 (Colo.1982).

It is within the sentencing court's broad discretion to consider charges dismissed at the time of the plea. *People v. Lowery,* 642 P.2d 515 (Colo.1982).

Here, defendant contends the trial court erred by considering evidence relating to dismissed charges since there was insufficient proof to establish that he participated in the other crimes alleged.

The trial court reviewed the transcripts of the grand jury testimony prior to imposing sentence and, apparently on that basis, concluded that defendant was an active participant in a longstanding criminal operation involving the commission of property crimes of enormous magnitude against numerous victims. Because defendant has not included those transcripts as part of the record on appeal, we must presume that they support the trial court's findings. *People v. Dixon,* 950 P.2d 686 (Colo.App.1997) (if the defendant fails to meet his or her responsibility to designate as part of the record on appeal those transcripts necessary to an evaluation of the issues raised, then the appellate court shall presume the record supports the trial court's conclusions).

Defendant also claims that the trial court failed to give due consideration to all appropriate sentencing factors, including his rehabilitative potential and minimal criminal history. The available record refutes this claim. *See Flower v. People, supra.*

Finally, defendant asserts that the prosecutor engaged in misconduct by urging the sentencing court to consider the fact that defendant had "laughed and bragged" about his crimes. As best we can tell, the prosecutor's statement was with reference to a remark in the grand jury transcripts that defendant has failed to include as part of the record on appeal. In any event, defendant did not object to the statement before the trial court, and the comment does not rise to the level of plain error. Crim. P. 52.

II.

Defendant next asserts that the trial court erred in establishing the amount of restitution owed. We agree.

The restitution order here was entered pursuant to § 16–11–102(4), C.R.S.1998. That statute requires the court to impose an amount of restitution "equal to the full pecuniary loss caused by the defendant." It also requires that the court be furnished with information "required by the court pursuant to" § 16–11–204.5, C.R.S.1998.

Section 16–11–204.5(1), C.R.S.1998, requires, as a condition to every order admitting a defendant to probation, that such defendant "make full restitution to the victims of his or her conduct or to a member of the victim's immediate family for the actual damages that were sustained." Section 16–11–204.5(4), C.R.S.1998, was last amended in 1996, Colo. Sess. Laws 1996, ch. 288 at 1779, to broaden the definition of "victim." The broadened definition adopted by this amendment is not pertinent to the issue presented here.

Section 16–11–102(4) contains no separate definition of "victim" for purposes of restitution. Hence, particularly in light of its present reference to § 16–11–204.5, which explicitly defines that term, the definition of "victim" under the latter statute is also the definition to be used in applying § 16–11–102(4). *People v. Schmidt,* 700 P.2d 925 (Colo.App.1985).

For purposes of restitution, a "victim" is generally one "whose injuries resulted from the conduct alleged as the basis for criminal proceedings against the defendant." *People v. Deadmond,* 683 P.2d 763 (Colo. 1984). *See also People v. King,* 648 P.2d 173 (Colo.App.1982).

Hence, prior to the amendments to § 16–11–204.5, neither the spouse of a murderer's victim, *People v. Deadmond, supra,* nor a victim's insurer, *People v. King, supra,* was considered a victim for purposes of an order of restitution.

Further, if the crime charged, such as theft, required the designation of a particular

victim, restitution could not be ordered to be paid to another. In *People v. Quinonez*, 735 P.2d 159 (Colo.1987), for example, three persons engaged in assaults that resulted in the death of two persons. The defendant was charged only in the death of one of those persons. Consequently, restitution could not be ordered with respect to the death of the other decedent because that person was not a "victim" of the crime of which defendant was convicted.

In our view, *People v. Borquez*, 814 P.2d 382 (Colo.1991), did not modify this rule. There, defendant was a cashier at a retail establishment who had engaged in the unauthorized selling of her employer's merchandise to her friends at greatly reduced prices. Pursuant to a plea agreement, however, only a single charge, based upon the unauthorized sale on a particular date, was filed, and the prosecutor agreed not to file any additional charges. Nevertheless, the defendant had admitted the other sales and had made a list of the other merchandise that she had sold and which the employer had not recovered. The supreme court held that, under these circumstances, an order of restitution based on these other sales was not improper.

 Here, defendant pled guilty to a single count of theft, an offense which requires proof of the identity of a particular victim. Section 18-4-401(6), C.R.S.1998; *People v. Borquez, supra.* He did not admit the facts underlying the dismissed counts; he did not agree to pay restitution to the victims named in those counts; and none of those victims was named in the count to which defendant pled guilty.

Even under the broadened definition of "victim," the statute still does not authorize an award of restitution to persons not designated in the charge of which a defendant is convicted, absent that defendant's agreement to pay such restitution. Hence, we conclude that the trial court here was without authority to order the payment of restitution for losses to any persons except the victim named in the count to which defendant pled guilty. *People v. Quinonez, supra.*

Upon remand, therefore, the trial court must determine the amount of actual damages defendant's criminal conduct caused the victim named in the count to which he pled guilty. It should then enter a modified restitution order based upon that determination.

The sentence is affirmed; the order of restitution is vacated; and the cause is remanded with directions to modify the order of restitution in accordance with the views expressed in this opinion.

Judge PLANK and Judge KAPELKE concur.