The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Douglas William LUNSFORD, Defendant–Appellant.

No. 99CA2274.

Colorado Court of Appeals. Div. III.

May 10, 2001.

Rehearing Denied July 26, 2001.

Certiorari Denied April 15, 2002.

Ken Salazar, Attorney General, John D. Seidel, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Alan Kratz, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge NIETO.

Defendant, Douglas William Lunsford, appeals the order of restitution imposed as part of his sentence for reckless vehicular assault and driving while ability impaired. We affirm.

Criminal charges were filed against defendant after his pickup truck rear-ended a stationary van. The incident occurred on

July 27, 1996, and resulted in injury to both of the van's occupants, who were husband and wife. Only the wife was named as a victim in the charging documents.

Pursuant to a plea agreement, defendant pled guilty to reckless vehicular assault and driving while ability impaired (DWAI). He was sentenced to concurrent terms in the Department of Corrections and the county jail. Defendant was also ordered to pay State Farm Insurance Company, the insurance carrier for husband and wife, $132,011.67 in restitution.

Because defendant had not been given an opportunity to challenge the amount of restitution sought by State Farm, on direct appeal a division of this court remanded the cause to the trial court for a hearing on the matter. *People v. Lunsford*, (Colo.App. No. 97CA1823, November 27, 1998) (not selected for official publication).

On remand, a claims specialist for State Farm testified that, to date, State Farm had paid a total of $134,978.39 pursuant to the insurance policy. More specifically, the specialist testified that State Farm had paid $17,767.75 for damages to the van, $47,616.73 for medical bills incurred by husband and wife, $19,593.91 for wages lost by husband and wife, $51.83 for essential services, and $50,000, the policy limit, for uninsured motorist (UM) benefits ($25,000 to husband and $25,000 to wife). UM benefits, the specialist explained, cover both present and future damages not otherwise paid under the policy and include such things as pain and suffering, inconvenience, and disabilities.

Defendant challenged the amount of restitution, arguing that State Farm had failed to provide a sufficient breakdown of its expenditures. Defendant also argued that criminal restitution is inappropriate for such things as "the loss of a car, ... the type of injury, the nature and extent of the injury, and any rehabilitation necessary, any disability, present or future, future impairment, any disruption in lifestyle, inconvenience, [and] pain and suffering," as well as "essential services, like house cleaning, cooking, snow shoveling, things like that." He argued that he should be criminally responsible only for the $250 deductible husband and wife paid to State

Farm, because that appeared to be their only monetary damage.

The trial court rejected defendant's arguments and reaffirmed its previous restitution order. This appeal followed.

## I.

■ Defendant challenges that portion of the restitution order attributable to husband's damages. Specifically, he argues that such damages are not recoverable in restitution because husband was not named as a victim in the charging documents. We disagree.

The restitution statutes applicable here provided:

[A] report containing the information required by the court pursuant to section 16–11–204.5 ... shall be made in every case. The amount of restitution equal to the full pecuniary loss caused by the defendant shall be imposed by the court at the time of sentencing and shall be endorsed upon the mittimus.

Colo. Sess. Laws 1996, ch. 288, § 16–11–102(4) at 1778.

(1) As a condition of every sentence to probation, the court shall order that the defendant make full restitution to the victim of his or her conduct or to a member of the victim's immediate family for the actual damages that were sustained.... The amount of such restitution shall be equal to the actual pecuniary damages sustained by the victim.

(4) "Victim", as used in this section, means the party immediately and directly aggrieved by a defendant who is convicted of a criminal act and who is granted probation, as well as ... any person or entity who has suffered losses because of a contractual relationship with such party, including, but not limited to, an insurer,....

Colo. Sess. Laws 1996, ch. 228, §§ 16–11–204.5(1) and 16–11–204.5(4) at 1778, 1779. The definition of "victim" in § 16–11–204.5(4) is to be used in applying § 16–11–102(4). *People v. Armijo*, 989 P.2d 224 (Colo.App. 1999). In *People v. Estes*, 923 P.2d 358 (Colo.App.1996), a division of this court in-

terpreted statutory language substantially similar to that quoted above and concluded that a victim's immediate family members, including spouses and children, who sustain injuries as a result of defendant's criminal conduct, were victims for purposes of determining restitution. We agree with the analysis in *Estes* and, therefore, find it dispositive of defendant's argument.

Here, the record supports the trial court's finding that both husband and wife sustained injuries as a result of defendant's conduct. We thus conclude that husband's injuries are recoverable in restitution, regardless of whether he was named as a victim in the charging documents.

## II.

■ Defendant also challenges that portion of the restitution order attributable to the noneconomic damages sustained by husband and wife and paid by State Farm, such as pain and suffering, future inconvenience, future impairment, and future wage loss. Defendant argues that, because these types of losses are inherently speculative, they do not constitute actual pecuniary damages for purposes of determining restitution. Again, we disagree.

■ We agree that more than speculation is required to hold a defendant responsible for a victim's injury. *Cumhuriyet v. People,* 200 Colo. 466, 615 P.2d 724 (1980). However, the restitution statute applicable here also defines "victim" as any person or entity, including an insurer, who has suffered a loss because of a contractual relationship with the party immediately and directly aggrieved by a defendant. Colo. Sess. Laws 1996, ch. 228, § 16–11–204.5(4) at 1779.

Here again, the record supports the trial court's finding that State Farm had a contractual relationship with husband and wife, the parties immediately and directly aggrieved by defendant's conduct. The record further supports the court's finding that State Farm suffered a loss as a result of its contractual relationship with husband and wife.

We thus conclude that State Farm is a victim of defendant's criminal conduct, enti-

tled to restitution for the amount it paid pursuant to the insurance policy. *See People v. Woodward,* 11 P.3d 1090 (Colo.2000) (courts are allowed to award restitution to the victims' insurers, as well as to the direct victims); *People v. Phillips,* 732 P.2d 1226 (Colo.App.1986) (an insurance carrier may be considered a victim under the restitution statute).

Contrary to defendant's assertion, we find it irrelevant that a portion of State Farm's expenditures were for noneconomic damages sustained by husband and wife. The only relevant question here is whether State Farm's expenditures were actual pecuniary damages sustained as a result of State Farm's contractual relationship with husband and wife. *See* Colo. Sess. Laws 1996, ch. 228, § 16–11–204.5(1) at 1778. We conclude they were. *Cf. People v. Courtney,* 868 P.2d 1126 (Colo.App.1993) (money actually spent by the victim to get his stolen vehicle back into running condition was the "actual pecuniary damages sustained" by him).

Here, the amount of State Farm's actual pecuniary noneconomic damages was established by the payments it made pursuant to its contractual obligation. We express no opinion as to whether, in a criminal case, the court must determine the amount of noneconomic damages suffered by a victim that are not so established.

## III.

Given our conclusion that the restitution order here was proper, we need not address defendant's final argument that any amendment of the restitution amount on remand would violate the prohibition against double jeopardy.

The restitution order is affirmed.

NEY and MARQUEZ, Judges, concur.