The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Norman A. POWELL, Defendant–Appellant.

No. 86CA0994.

Colorado Court of Appeals, Div. I.

Sept. 24, 1987.

Rehearing Denied Oct. 22, 1987.

Certiorari Denied Jan. 11, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Peggy O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Norman A. Powell, appeals the sentence imposed following his plea of

guilty to second degree burglary. We affirm in part, reverse in part, and remand with directions.

At the sentencing hearing, the trial court sentenced the defendant to incarceration for eight years plus a period of parole, the maximum sentence available at that time in the presumptive range for a class four felony. The trial court also ordered the defendant to pay restitution to the victim, and set a hearing to determine the amount of restitution and decide what items of property found in the defendant's possession at the time of his arrest should be returned to the victim.

At the restitution hearing, the defendant argued the trial court was without jurisdiction to order restitution because he had been sentenced to incarceration. The trial court overruled the objection, and ordered restitution in the amount of $10,800 based upon a statement by the victim. The defendant then noted his further objection and intent to appeal the sentence. He also challenged the sufficiency and accuracy of the information supplied by the victim regarding the amount of restitution.

Defendant contends on appeal that the trial court lacked jurisdiction to order restitution as a condition of parole, and improperly fixed the amount of restitution absent a determination of the actual pecuniary loss sustained by the victim and absent findings concerning the defendant's ability to pay. Defendant further maintains that the trial court abused its discretion in imposing the maximum sentence in the presumptive range.

## I.

■ In every case the amount of restitution must be "fixed" by the court at the time of sentencing, and the court must endorse that amount upon the mittimus. Section 16–11–102(4), C.R.S. (1986 Repl.Vol. 8A); *see People v. Schmidt*, 700 P.2d 925 (Colo.App.1985). However, the trial court is not allowed to "order" or impose restitution on a defendant except under some

form of conditional release or unless it is authorized relative to certain specific crimes. *People v. Young*, 710 P.2d 1140 (Colo.App.1985).

■ Here, since the defendant was sentenced to incarceration, the trial court erred by ordering restitution. *People v. Young, supra.* However, setting the *amount* of restitution for later consideration by the parole board was appropriate. As a condition of every parole, the board is required to order the offender to make restitution to the victim for the actual damages that were sustained. Section 17–2–201(5)(c)(I), C.R.S. (1986 Repl.Vol. 8A). Thus, while the trial court is not empowered to order restitution as a condition of parole, the parole board is so empowered and must rely upon the trial court's determination as to the amount of restitution.

Accordingly, the order for restitution by the trial court is reversed, and the cause is remanded to the trial court with directions to issue an amended mittimus reflecting that the amount of restitution, as fixed by the trial court, is provided for consideration by the parole board at the appropriate time.

This situation should not be confused with that in *People v. Engel*, 746 P.2d 60 (Colo.App.1987). That case was a probation case governed by § 16–11–204.5, C.R.S. (1986 Repl.Vol. 8A).

## II.

When fixing the amount of restitution pursuant to § 16–11–102(4), C.R.S. (1986 Repl.Vol. 8A), the trial court must, in every case, receive a report containing the information required under·§ 16–11–204.5, C.R.S. (1986 Repl.Vol. 8A), and a victim impact statement. Defendant maintains the reference to § 16–11–204.5, C.R.S. (1986 Repl. Vol. 8A) imposes a duty on the trial court to take evidence and make findings as to the actual pecuniary damages sustained by the victim, the defendant's ability to pay, and the defendant's obligations to support his dependents and to meet other family obligations. We disagree.

In *People v. Quinonez*, 735 P.2d 159 (Colo.1987), the court held that a trial court is not required to make findings as to the defendant's ability to pay restitution. The court further stated that: "[I]n determining the amount of restitution, the trial court should make use of the probation or presentence report and any other evidence which the parties present at the sentencing hearing regarding the amount of damage, the defendant's present and future financial circumstances, and his family obligations."

■ Based upon *Quinonez, supra,* we conclude the trial court is not required to make express findings as to the factors set forth in § 16–11–204.5, C.R.S. (1985 Cum. Supp.). While the trial court should consider these matters in fixing the amount of restitution, express findings based thereon have not been mandated by the General Assembly. *People v. Quinonez, supra.*

Here, the trial court considered the victim impact statement in initially setting restitution at $13,500, and modified that amount to $10,800 based upon a statement by the victim. At the restitution hearing, the defendant was afforded an opportunity to raise further matters, but counsel chose only to note that the order would be appealed.

■ The defendant has the right to be heard concerning matters in the presentence report or victim impact statement which he believes to be untrue, including the amount of restitution, but if he fails to show the information is inaccurate or untrue, the trial court is entitled to rely upon the report or statement as submitted. *Wolford v. People,* 178 Colo. 203, 496 P.2d 1011 (1972). While such objections should normally be raised at the sentencing hearing when the trial court sets the amount of restitution, *People v. Quinonez, supra,* the defendant here has waived his objections to the restitution amount by failing to go forward with evidence which would place that amount in issue when he was offered the opportunity to do so.

### III.

Finally, the defendant maintains the trial court abused its discretion by imposing the maximum presumptive sentence. We disagree.

■ Only in exceptional situations will a reviewing court substitute its judgment as to an appropriate sentence for the judgment of the trial court. *People v. Vigil,* 718 P.2d 496 (Colo.1986). While § 18–1–105(1)(b)(I), C.R.S. (1986 Repl.Vol. 8A) requires trial courts to consider certain factors when sentencing a defendant within a prescribed presumptive range, it is not necessary for the sentencing court to refer explicitly to each factor. *People v. Walker,* 724 P.2d 666 (Colo.1986). If the sentencing court reasonably explains the sentence imposed on the record, and if the record of the sentencing proceeding contains information permitting the conclusion that the sentencing judge did consider all essential factors as well as the evidence supporting the reasons stated for the sentence, a sufficient basis for review is established. *People v. Walker, supra.* It is proper for the trial court to consider the defendant's past criminal record when imposing sentence. *People v. Maestas,* 701 P.2d 109 (Colo.App.1985).

■ Here, the trial court considered the nature of the crime of burglary, the impact on the victim, and the rehabilitative effect of a sentence to incarceration. In addition, the record of the sentencing hearing contains evidence of the defendant's extensive criminal record.

We conclude the trial court made adequate findings, and the record contains substantial evidence supporting these findings. *See People v. Walker, supra.* Accordingly, the trial court did not abuse its discretion in sentencing the defendant to the maximum term in the presumptive range.

The sentence is affirmed in all respects except as to the order of restitution; that part of the sentence is reversed, and the

cause is remanded with directions to issue an amended mittimus consistent with the views expressed herein.

VAN CISE and BABCOCK, JJ., concur.