The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Johnny Lee JOHNSON, Defendant–Appellee.

No. 88SA223.

Supreme Court of Colorado, En Banc.

Oct. 2, 1989.

---

Donald E. Mielke, Dist. Atty., and Donna Skinner Reed, Deputy Dist. Atty., Golden, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, and Peggy O'Leary, Deputy State Public Defender, Denver, for defendant-appellee.

Chief Justice QUINN delivered the Opinion of the Court.

The question in this case is whether a court, in sentencing a defendant to a term of incarceration, is required to determine the amount of restitution which a convicted offender should pay to the victim of the crime and to include that amount in the judgment of conviction and endorse it upon the mittimus. In sentencing the defendant to the Department of Corrections for a term of four years, the district court denied the prosecution's motion, made pursuant to section 16–11–102(4), 8A C.R.S. (1986), to impose a restitution obligation on the defendant. We now vacate the judgment and remand the case to the district court for further proceedings to determine the defendant's restitution obligation to the victim.

The defendant, Johnny Lee Johnson, was charged in the district court of Jefferson County with the crime of vehicular assault. § 18–3–205, 8B C.R.S. (1986).[1] The vehic-ular assault charge alleged, as pertinent here, that on May 25, 1987, the defendant operated a motor vehicle while under the influence of intoxicating liquor and caused serious bodily injury to Tracy Mickelson.

The defendant entered a not guilty plea to the charge, and the case was tried to the jury. The prosecution's evidence established that the defendant, while highly intoxicated from alcoholic beverages, drove a van owned by Mickelson, who was riding as a passenger, at a high rate of speed on Colorado State Highway 83.[2] The defendant lost control of the vehicle, struck an embankment, and caused serious injuries to Mickelson. The jury returned a guilty verdict to the charge.

Prior to sentencing, the probation department filed a presentence report which included a victim impact statement prepared by Tracy Mickelson detailing his injuries and damages, and a statement by the defendant to the effect that both he and Mickelson were intoxicated at the time of the collision and that they were on their way to obtain more alcoholic beverages.[3] At a presentence hearing conducted by the court, Vernon Mickelson, the father of Tracy Mickelson, testified that as of the date of the hearing Tracy had already incurred medical expenses of $43,027.94, all of which were covered by a $50,000 insurance policy, and that his son had incurred expenses of $4,973.84 which were not covered by insurance.

The district attorney requested the court to order the defendant to make restitution to the victim in the amount of $4,973.84. The court expressly denied the district attorney's request for restitution, stating as follows:

The Court is going to deny the request for restitution in this matter. The Court believes that this is a matter that should properly be brought before the civil jurisdiction of this court for determination.

---

**1.** The defendant was also charged with and convicted of driving while his license was suspended, § 42–2–130, 17 C.R.S. (1988 Supp.), but that conviction is not involved in this appeal.

**2.** Because we do not have the benefit of a transcript of the trial, our brief statement of the facts is based on the briefs and the presentence report filed with the district court.

**3.** In his statement to the probation department, the defendant also claimed that, contrary to the jury verdict, it was Mickelson who was driving the van at the time of the accident.

The Court recalls specifically the facts and circumstances surrounding the accident and the involvement which the victim in this matter had.

The Court believes that there is a good probability that a certain amount of comparative negligence would be assessed the victim, Mr. Michelson, and that is a matter which must be determined by a civil court, and it would be inappropriate for this court to make any order for restitution based on those findings.

The court imposed a sentence of four years and executed a document entitled "Judgment of Conviction: Sentence: and Order to Sheriff (Mittimus)," which omitted any reference to restitution.

■ The district attorney filed this appeal pursuant to section 16–12–102(1), 8A C.R.S. (1986),[4] and contends that the district court erred as a matter of law in refusing to impose a restitution obligation on the defendant and to include the amount of restitution in the mittimus. We conclude that, based on a review of the statutory scheme relating to a convicted felony offender's restitution obligation to an injured victim, the district attorney's claim is well taken.

In cases involving felony conviction, the probation department is generally required to file a presentence report with the court. § 16–11–102(1), 8A C.R.S. (1988 Supp.). The presentence report must include information as to the defendant's family background, educational history, employment record, and past criminal history, as well as a victim impact statement prepared by the district attorney. *Id.* Section 16–11–102(4), 8A C.R.S. (1986), provides as follows:

The court, with the concurrence of the defendant and the prosecuting attorney, may dispense with the presentence examination and report; *except that a report containing the information required by a court pursuant to section 16–11–204.5 and a victim impact statement shall be made in every case, and the amount of restitution shall be fixed by the court at the time of sentencing and shall be endorsed upon the mittimus.* (emphasis added.)

The "mittimus," to which section 16–11–102(4) refers, is an order from a sentencing court commanding the sheriff or other officer to convey the defendant to the custodian of the institution to which the defendant has been sentenced. *Black's Law Dictionary* 904 (5th ed. 1979). Section 16–11–102(4) also makes reference to "a report containing the information required by the court pursuant to section 16–11–204.5." This latter section requires the court, as a condition of every sentence to probation, to order the defendant to make restitution to the victim or to the victim's immediate family for actual damages sustained by the victim, and to determine the amount of restitution by considering not only the victim's monetary damages but also "the ability of the defendant to pay, and the defendant's obligation to support his dependents and to meet other family obligations." § 16–11–204.5(1), 8A C.R.S. (1986); *see also* § 16–11–204(1), 8A C.R.S. (1986) (court shall provide as explicit condition of every sentence to probation that the defendant make restitution pursuant to section 16–11–204.5).

The legislative purpose underlying the statutory scheme is obvious from the statutory test: in all cases in which a convicted defendant's criminal conduct causes pecuniary damages to a victim, the sentencing court is obliged to order the defendant to pay restitution to the victim or the victim's immediate family and to fix the amount of such restitution as part of the judgment, whether the sentence be to probation or to a term of incarceration. Section 17–2–201(5)(c)(I), 8A C.R.S. (1986), provides further confirmation that the court's duty to fix the amount of restitution is not confined to sentences to probation but applies equally to sentences to imprisonment. Section 17–2–201(5)(c)(I) states:

---

4. Section 16–12–102(1), 8A C.R.S. (1986), permits the district attorney to appeal any decision of the trial court in a criminal case upon any question of law. Effective August 1, 1988, C.A.R. 4(b)(2) was amended to require such appeals to be filed in the court of appeals.

As a condition of every parole, the board [State Board of Parole] shall provide that the offender make restitution to the victim of his conduct or a member of the victim's immediate family for the actual damages which were sustained. *Such restitution shall be ordered by the board as a condition of parole. The amount of such restitution shall be as determined by the court pursuant to 16–11–102(4), C.R.S.*

(emphasis added).

 The fact that the victim might have filed a civil claim for damages against the convicted offender, or intends to do so in the future, does not dispense with the court's obligation to order the offender to pay restitution and to fix the amount of the restitution at the time of the sentencing. In *People v. Smith*, 754 P.2d 1168 (Colo. 1988), we considered the significance of a pending civil suit in the context of section 16–11–204.5, 8A C.R.S. (1986), which deals with restitution as a condition of probation. We held in *Smith* that the sentencing court was required to fix the amount of restitution as part of a sentence to probation notwithstanding the fact that the victim had filed against the convicted offender a civil suit for damages which was unresolved at the time of the sentencing hearing. Our reasoning was as follows:

> We find that the mere pendency of a civil suit between a criminal and his victim cannot act to vitiate the trial court's duty to order restitution to the victim. The language of the statute does not leave the question of restitution in the discretion of the trial court, but instead unequivocally requires that 'restitution shall be ordered by the court as a condition of probation.'
>
> Although restitution is limited by a defendant's ability to pay and by his financial obligations to his family, restitution may prove to be the victim's most

immediate source of compensation for the loss he has suffered. Permitting a court to decline to impose restitution as a condition of probation in light of a collateral civil suit would place victims in the unfair position of having to decide whether to postpone a civil suit solely to ensure that they do not lose their statutorily granted right to restitution. A victim should not be penalized for initiating a civil suit to seek more complete relief from the one who caused his loss.

754 P.2d at 1171. In light of the express legislative mandate in section 16–11–102(4), which requires the court to fix the amount of restitution in the case of a defendant sentenced to a term of incarceration, we believe that the reasoning in *Smith* is equally applicable to the instant case.

 We do not suggest that the sentencing court must conduct a mini-trial on the issue of damages and resolve such questions as comparative negligence or other affirmative defenses that arguably might be applicable in a civil suit brought by the victim against the defendant. We read 16–11–102(4) simply to require the sentencing court to fix the defendant's criminal liability for restitution by considering the victim's actual monetary losses and, where appropriate, to temper the defendant's restitution obligation by considering his financial ability to pay and his duty of support owed to his dependents and any other outstanding family responsibilities.[5] The statutory scheme, in other words, does not require the sentencing court to determine a defendant's criminal liability for restitution in accordance with the strict rules of damages applicable to a civil case.

The defendant, of course, is entitled to adequate notice of the claimed monetary damages and the amount of restitution which the court will be asked to assess against him. This notice can be provided in the presentence report which, pursuant to

---

**5.** Any restitution paid by the defendant obviously could be set off against any civil claim brought by the victim against the defendant for the same monetary losses for which restitution had already been made. Section 16–11–101.5, 8A C.R.S. (1988 Supp.), which became effective on July 1, 1988, and applies to offenses commit-

ted after that date, provides that the order of restitution shall be a final judgment enforceable in the same manner as a judgment in a civil action, and expressly authorizes the setoff of any amount paid as restitution against the compensatory damages received by the victim in a subsequent civil proceeding.

section 16–11–102(1), 8A C.R.S. (1988 Supp.), must be furnished to the prosecuting attorney and defense counsel, or to the defendant if unrepresented, "within seventy-two hours prior to the sentencing hearing." Although section 16–11–102 does not set a time for serving the defendant with a copy of the victim impact statement in the situation where the court, with the concurrence of the defendant and the prosecuting attorney, dispenses with the presentence report pursuant to section 16–11–102(4), we believe the same seventy-two hour requirement should apply to the service of the victim impact statement. Therefore, when the court dispenses with the presentence report, the probation department, within seventy-two hours prior to the sentencing hearing, should provide the prosecuting attorney and defense counsel, or the defendant if unrepresented, with a copy of the victim impact statement setting forth the amount of the victim's claimed monetary damages and the amount of restitution for which the defendant may be responsible. At the sentencing hearing the defendant must be given the opportunity to controvert the victim's claimed monetary damages.

An order of restitution becomes part of the sentence which, in accordance with Crim.P. 32(c), is part of the judgment of conviction. When a court orders the defendant, over his objection, to pay restitution to the victim or the victim's family as part of the judgment of conviction for a felony, the order of restitution is appealable pursuant to the statutory procedures applicable to the appellate review of a felony sentence.[6]

Since the district court refused to impose any restitution obligation on the defendant at the sentencing hearing, we vacate the judgment and remand the case to the district court with directions to conduct a hearing for the purpose of determining the amount of restitution which the defendant is obliged to pay the victim and to include the amount of restitution in the judgment of conviction and endorse that amount upon the mittimus.

---

6. Section 18–1–409, 8B C.R.S. (1986) states, in pertinent part, that a defendant convicted of a felony shall have the right to "appellate review of the propriety of the sentence, having regard to the nature of the offense, the character of the offender, and the public interest, and the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based." A written notice of a sentencing review must be filed with the trial court within thirty days after the sentence is imposed, stating the grounds on which it is based. *See also* C.A.R. 4(c).