**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Sharilynn Kae MILLER, Defendant–Appellant.**

**No. 90CA1955.**

Colorado Court of Appeals, Div. II.

Dec. 5, 1991.

Rehearing Denied Jan. 16, 1992.

Certiorari Denied May 26, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Kristin Giovanini, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge ROTHENBERG.

Defendant, Sharilynn Kae Miller, appeals the judgment of conviction entered upon a jury verdict finding her guilty of contributing to the delinquency of a minor and misdemeanor theft. She also appeals the trial court's order denying her motion to correct illegal sentence pursuant to Crim.P. 35(a). We affirm in part, vacate in part, and remand with directions.

While shopping at a discount store, Miller was seen placing four computer games in her son's shorts. Without paying for the games, her son left the store, placed the games in the car, and then returned to the store. Miller was then arrested for contributing to the delinquency of a minor and theft.

## I.

■ Miller first contends that the trial court erred in denying her motion for judgment of acquittal on the charge of contributing to the delinquency of a minor. She asserts that her eight-year-old son was not charged with theft because a child under the age of ten cannot be charged and convicted of any offense. Section 18-1-801, C.R.S. (1986 Repl.Vol. 8B). Thus, according to Miller, since it was impossible for her son to violate any state law, she cannot be found guilty of contributing to the delinquency of a minor. We disagree.

Section 18-6-701(1), C.R.S. (1991 Cum. Supp.) provides:

Any person who induces, aids, or encourages a child to violate any federal or state law, municipal or county ordinance, or court order commits contributing to the delinquency of a minor.

"Child" means a person under eighteen years of age. Section 19-1-103(4), C.R.S. (1991 Cum.Supp.).

■ Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. In order reasonably to effectuate the legislative intent, a statute must be read and considered as a whole. Words and phrases should be given their plain and ordinary meaning. *People v. District Court*, 713 P.2d 918 (Colo.1986).

■ Here, the language of the statute is clear and unambiguous. The General Assembly is concerned with adults who encourage children under eighteen to commit crimes. The statute does not require that the minor be charged or convicted of a

crime nor does it require the minor to be over the age of ten.

Further, Miller's reliance on § 18–1–801 is misplaced. Although a child under the age of ten cannot be charged with an offense, it does not necessarily follow that the child cannot violate the law. Rather, in enacting § 18–1–801, the General Assembly determined those persons who could be held responsible for their criminal acts. It did not determine that such persons could not commit the acts themselves. *Cf. Thompson v. Oklahoma*, 487 U.S. 815, 108 S.Ct. 2687, 101 L.Ed.2d 702 (1988). We therefore conclude that even though Miller's son was only eight years old at the time of her offense, Miller could be found guilty of contributing to the delinquency of a minor.

## II.

Miller next contends that the trial court erred by imposing restitution of $781.20 for her son's counseling sessions.

### A.

Initially, Miller argues that her son was not a "victim" of her criminal conduct. We disagree.

■ Payment of restitution is authorized only as to the victim of a defendant's conduct and only for the actual pecuniary damage the victim sustained as the direct result of the defendant's conduct. *People v. Borquez*, 814 P.2d 382 (Colo.1991); §§ 16–11–204.5(1) and (4), C.R.S. (1986 Repl.Vol. 8A).

■ We conclude that, here, Miller's son is the victim of the crime of contributing to the delinquency of a minor. The evidence showed that before they left home, Miller had her son put computer games down his shorts "to see if four of them would fit." Then at the store, her son picked up the computer games, and Miller placed them in his shorts.

According to the evidence and the victim impact statement, Miller's son sustained psychological trauma caused by her conduct which required counseling. We there-fore hold that he was a "party immediately and directly aggrieved by a defendant" who was convicted of a crime and who was granted probation. Section 16–11–204.5(4).

### B.

Miller also claims that she was denied a meaningful opportunity to contest the restitution order and that the amount of restitution was not attributable to her conduct. Again, we disagree.

■ A defendant has the right to be heard concerning matters in the presentence report or victim impact statement which she believes to be untrue. This includes the amount of restitution. However, if the defendant fails to show that the information is inaccurate or untrue, the trial court is entitled to rely upon the report or statement as submitted. *Wolford v. People*, 178 Colo. 203, 496 P.2d 1011 (1972). Additionally, a defendant waives her objection to the restitution amount by failing to go forward with evidence which would place that amount in issue when she is offered the opportunity to do so. *People v. Powell*, 748 P.2d 1355 (Colo.App.1987).

■ Here, the district attorney received the victim impact statement the night before the sentencing hearing, and Miller's counsel received it at the hearing rather than 72 hours before sentencing as required. *See People v. Johnson*, 780 P.2d 504 (Colo.1989) (victim impact statement including claimed restitution should be served on defendant 72 hours before sentencing hearing).

Although the better practice would have been for the court to have inquired further into the restitution issue, we conclude that Miller's failure to object or to request a continuance of the sentencing hearing waived any objection that she had to the amount of restitution.

### III.

■ Finally, Miller argues that the trial court erred in ordering restitution for her son's *future* counseling sessions. We agree that, on this record, payment of resti-

tution for future counseling was not appropriate.

The victim impact statement limits the amount of restitution to $781.20, an amount which had been already paid by the victim/witness fund for his counseling sessions. However, there is nothing in the victim impact statement justifying a restitution order for future counseling. Nor was there any testimony in the record at sentencing about the need for future counseling sessions.

Accordingly, we conclude that, under these circumstances, the trial court erred in ordering defendant to pay her son's future counseling sessions. *See People v. Borquez, supra* (payments must be based on the actual pecuniary damages the victim sustained). We need not decide whether a restitution order for a victim's future counseling sessions would be justified under different circumstances.

The judgment of conviction is affirmed. That portion of the sentence requiring restitution of $781.20 is also affirmed. That portion of the sentence ordering restitution for future counseling sessions is vacated, and the cause is remanded with directions to the trial court to correct the sentence.

TURSI, J., concurs.

JONES, J., concurs in part and dissents in part.

Judge JONES concurring in part and dissenting in part.

I concur with Parts I and III of the opinion but respectfully dissent to Part II. I write separately to note that I believe defendant here was not accorded her right to be heard on the issues presented in the Victim Impact Statement, including as to restitution.

It is uncontroverted that the district attorney was given the victim impact statement the night before the sentencing and that defense counsel and defendant only received it at the sentencing hearing.

A defendant is entitled to receive the impact statement 72 hours or more prior to his or her sentencing. *People v. Johnson,* 780 P.2d 504 (Colo.1989). When the court

and its officers fail to meet this reasonable deadline, I believe an affirmative duty devolves upon the court to fix the time for sentencing such that the defendant may review the impact statement and truly participate in a meaningful way in the sentencing hearing, including as to restitution. *See People v. Powell,* 748 P.2d 1355 (Colo. App.1987).

Because the court failed to do so here, I believe defendant was denied the opportunity to be heard. Accordingly, I would affirm the judgment but vacate the sentence and remand for resentencing after a full hearing.