**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellant,**

v.

**Kristie Ann HOISINGTON,**
**Defendant–Appellee.**

**No. 94CA0461.**

Colorado Court of Appeals,
Div. IV.

Feb. 23, 1995.

Rehearing Denied March 30, 1995.

Certiorari Denied Sept. 5, 1995.

David J. Thomas, Dist. Atty., Donna Skinner Reed, Chief Appellate Deputy Dist. Atty., Golden, for plaintiff-appellant.

James L. Anderson, Lakewood, for defendant-appellee.

Opinion by Judge RULAND.

Pursuant to § 16–12–102, C.R.S. (1994 Cum.Supp.), the prosecution appeals from the trial court's order of restitution entered as part of defendant's sentence to probation for second degree forgery. We affirm.

According to the plea agreement accepted by the trial court, defendant agreed to pay restitution to two different complainants in connection with a guilty plea to only one charge. The dispute here concerns the amount of restitution owed to one of the complainants, a printing company which employed defendant at the time of the offense.

At the sentencing hearing, defendant stipulated that the amount due the printing company was $1114.61, subject to an offset claim for unpaid wages. The prosecution objected to introduction of any evidence of the offset on the basis that offsets were not authorized by the restitution statute. The trial court disagreed and determined that a hearing would be held to establish the proper amount of restitution if defendant and the printing company could not agree on the amount due.

Those parties could not reach agreement, and the trial court heard testimony by defendant and a representative of the printing company regarding the terms of an oral employment agreement. Following presentation of this evidence, the court found that the company owed defendant $400 in unpaid wages from the date of defendant's last paycheck to her date of termination. Accordingly, the amount of restitution due the printing company was reduced by $400.

On appeal, the prosecution contends that the trial court erred in determining the award of restitution because the applicable statute does not specifically provide for set-offs. As a result, the prosecution argues, the trial court exceeded its jurisdiction in a criminal proceeding as a matter of law by determining a civil damages claim. We disagree.

As pertinent here, § 16–11–204.5(1), C.R.S. (1986 Repl. Vol. 8A) provides that:

As a condition of every sentence to probation, the court shall provide that the defendant make restitution.... The amount of such restitution shall be based on the actual, pecuniary damages sustained by the victim....

Prior decisional law has established that the award is not limited to the victim of the offense to which defendant enters a plea, and thus, it may include the victims of other offenses even though those charges are not being pursued. *People v. Borquez*, 814 P.2d 382 (Colo.1991). However, the award must include only pecuniary damages actually sustained. *People v. Deadmond*, 683 P.2d 763 (Colo.1984).

■ The prosecution is required to establish the amount of restitution due by a preponderance of the evidence. *People v. Carpenter*, 885 P.2d 334 (Colo.App.1994). Further, while restitution is not intended as a substitute for a civil damages action, funds recovered by the victim in a civil proceeding prior to or following the award of restitution must be offset as required by § 16–11–101.5, C.R.S. (1994 Cum.Supp.). *See People in Interest of T.R.*, 860 P.2d 559 (Colo.App.1993). In addition, the trial court must also consider any future amounts that will be received by the victim from or on behalf of the defendant as well as any other relevant evidence which is presented at the sentencing hearing regarding the amount of actual pecuniary damages. *People v. Quinonez*, 735 P.2d 159 (Colo.1987); *People v. Acosta*, 860 P.2d 1376 (Colo.App.1993).

■ The trial court is vested with wide discretion in determining the appropriate amount of restitution, and its order may not be reversed on appeal unless the record reflects a gross abuse of that discretion. *People v. Dillingham*, 881 P.2d 440 (Colo.App. 1994). Accordingly, while the statute does not mandate receipt of evidence which would constitute an affirmative defense or a setoff in a civil proceeding, *People v. Johnson*, 780 P.2d 504 (Colo.1989), given the trial court's duty to order restitution of only the actual damages sustained, we conclude that it is not an abuse of discretion under the terms of the statute for the court to receive such evidence.

Here, the trial court's findings relative to the unpaid wages due defendant from the

printing company are supported by competent evidence in the record. Hence, we perceive no abuse of discretion. *See Brooks v. Conston*, 364 Pa. 256, 72 A.2d 75 (1950) (unpaid wages were properly deducted from the award because the restitution remedy is not intended to be punitive).

The judgment is affirmed.

PLANK and NEY, JJ., concur.