**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Daniel DURAN, Defendant–Appellant.**

**No. 98CA0796.**

Colorado Court of Appeals, Div. IV.

July 22, 1999.

Certiorari Denied Dec. 20, 1999.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Cynthia A. Greenfield, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Ann M. Roan, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Daniel Duran, appeals from the restitution order entered by the trial court as part of the sentence imposed on defendant following his guilty pleas to two counts of second degree assault-provoked passion. We affirm.

As a result of a fight, defendant was charged with two counts of second degree assault and two counts of crime of violence. Defendant agreed to plead guilty to two amended counts of second degree assault—provoked passion in exchange for dismissal of the other charges.

At the sentencing hearing, defense counsel disputed the amount that defendant should be required to pay as restitution for the victims' medical bills. The necessity or reasonableness of the bills was not contested. However, defense counsel argued, among other things, that the court should reduce restitution in light of the victims' own provocative conduct, similar to the reduction of damages in civil cases for comparative fault.

The district court rejected the argument:

[T]he statute imposes a mandate on the Court to require that the defendant pay a full amount of restitution caused by the defendant's actions. I see nothing in the statute, nor am I aware of any procedure, that indicates in a heat of passion situation that ... restitution should somehow be diminished by reason of the alleged provocative acts of the victim.

On appeal, defendant contends that the trial court erred in refusing to consider the victims' role in the incident when determining how much, if any, restitution to impose. We disagree.

As applicable here, § 16–11–102(4), C.R.S. 1998, requires that the sentencing court impose, as part of a sentence, an order of restitution "equal to the full pecuniary loss" the defendant caused the victim. *See also* § 17–2–201(5)(c)(I), C.R.S.1998.

In *People v. Johnson,* 780 P.2d 504, 507 (Colo.1989), the supreme court rejected the contention that a victim's "comparative negligence" should be considered when determining the amount of such restitution:

We read § 16–11–102(4) simply to require the sentencing court to fix the defendant's criminal liability for restitution by considering the victim's actual monetary losses.... [It] does not require the sentencing court to determine a defendant's criminal liability for restitution in accordance with the strict rules of damages applicable to a civil case.

Defendant argues that the decision in *Johnson* should be distinguished because the victim in that case had not provoked the defendant. In contrast, defendant in this case entered a guilty plea to an assault under a statute that, according to defendant, expressly recognizes the role of the victim in causing the injuries sustained.

Defendant's argument relies on § 18–3–203(2)(a), C.R.S.1998, which describes the circumstances in which second degree assault, otherwise a class 4 felony, is reduced to a class 6 felony:

If assault in the second degree is committed under circumstances where the act causing the injury is performed upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the person causing the injury sufficiently to excite an irresistible passion in a reasonable person, and without an interval between the provocation and the injury sufficient for the voice of reason and humanity to be heard, it is a class 6 felony.

Defendant argues that a person so injured is therefore not a "victim" in the ordinary sense of the word and, as a result, should not receive full restitution.

We are not persuaded. One person's conduct may well excite irresistible passion in another. Nevertheless, passion does not excuse criminal conduct.

In legal terms, the class of the felony committed may be reduced, but the person committing the assault has still engaged in the same conduct with the same mental culpability required for conviction of second degree assault. *See People v. Suazo,* 867 P.2d 161 (Colo.App.1993); *see also People v. Garcia,* —— P.2d —— (Colo.App. No. 97CA1772, July 8, 1999). The person assaulted is still the victim of a felony, and nothing in § 16–11–102(4) permits the court to order restitution for such a victim in an amount less than the "full pecuniary loss."

Contrary to defendant's final assertion, the decision in *People v. Hoisington,* 902 P.2d 887 (Colo.App.1995) does not require a different result. The division in that case concluded that the trial court had not abused its discretion in setting off against the amount of restitution the amount of unpaid wages due to the defendant from the victim. The defendant was still required to pay the full amount of the victim's damages.

We recognize that, in reaching its decision, the division in *Hoisington* stated that it is not an abuse of discretion for a trial court to receive and consider "evidence which would constitute an affirmative defense or a setoff in a civil proceeding." *People v. Hoisington, supra,* 902 P.2d at 888. However, we do not read the reference to "an affirmative defense" as encompassing the concept of comparative negligence or fault, which would require a mini-trial for every defendant convicted of a heat-of-passion crime. This is the procedure the supreme court in *People v. Johnson, supra,* expressly rejected.

We therefore conclude that the sentencing court did not err in imposing an order of restitution equal to the victims' full pecuniary loss.

The order is affirmed.

Judge RULAND and Judge KAPELKE concur.