The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Chad Richard THORNTON,
Defendant–Appellant.

No. 08CA1027.

Colorado Court of Appeals,
Div. V.

Sept. 30, 2010.

John W. Suthers, Attorney General, Christopher Y. Bosch, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

MS & M Law Office, Nicole M. Mooney, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TERRY.

This appeal raises a question of the types of evidence that may be used to prove the value of a stolen car for purposes of establishing the class of theft offense committed. We hold that the Kelley Blue Book may be admitted as proof of value under section 18–4–414(2), C.R.S.2010, and CRE 803(17), without the need for expert testimony to substantiate the Blue Book's valuation.

Defendant, Chad Thornton, appeals the judgment of conviction entered upon a jury verdict finding him guilty of first degree aggravated motor vehicle theft. We affirm.

## I. Background

Defendant's father, who lives in California, contacted the police there to report that defendant was in his home and had possession of a car defendant had stolen from defendant's mother in Colorado Springs. A California Highway Patrol officer investigated the theft. Defendant was charged and, after a jury trial, convicted of theft in El Paso County, Colorado. The trial court sentenced him to ten years in the Department of Corrections.

## II. Sufficiency of Evidence

Defendant contends there is insufficient evidence to prove the stolen car's value exceeded $15,000 at the time of the theft. We disagree.

When examining the sufficiency of evidence, we view the evidence presented as a whole and in the light most favorable to the prosecution to determine whether the evidence is sufficient to support a conclusion by a reasonable person that the defendant is guilty beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945, 950 (Colo.1988). The prosecution is entitled to the benefit of every reasonable inference that may fairly be drawn from the evidence, *Kogan,* 756 P.2d at 950, even if the record also contains evidence to the contrary, *People v. Morrow,* 682 P.2d 1201 (Colo.App.1983).

At the time of the offense, first degree aggravated motor vehicle theft was a class 3 felony if the car's value exceeded $15,000. Ch. 288, sec. 1, § 18–4–409(3)(b), 1999 Colo. Sess. Laws 1164 (amended 2007). If the car's value was $15,000 or less, its theft was classified as a class 4 felony. Ch. 288, sec. 1, § 18–4–409(3)(a), 1999 Colo. Sess. Laws 1164 (amended 2007).

Here, the prosecution presented two witnesses to establish that the car's value exceeded $15,000. The California Highway Patrol officer testified that he searched the Kelley Blue Book's website to discern the value of the stolen vehicle and determined that the value was $16,415. The car's owner also testified that she had paid $20,000 for the car two years before it was stolen.

## A. Hearsay

Defendant first contends the officer's valuation opinion, which relied on the Kelley Blue Book, was based on inadmissible hear-

say, and thus was inadmissible. We discern no basis for reversal.

■ Because defendant did not raise this issue in the trial court, we review for plain error. *See People v. Miller,* 113 P.3d 743, 749 (Colo.2005). "To constitute plain error, the trial court's error must be obvious and substantial and so undermine the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction." *People v. Weinreich,* 119 P.3d 1073, 1078 (Colo.2005).

■ The Blue Book valuation was admissible under section 18–4–414(2), C.R.S.2010, which states:

> [I]n all cases where theft occurs, evidence of the value of the thing involved may be established through the sale price of other similar property and may include, but shall not be limited to, testimony regarding affixed labels and tags, signs, shelf tags, and notices tending to indicate the price of the thing involved. Hearsay evidence shall not be excluded in determining the value of the thing involved.

The Blue Book indicates the sale price of other similar property, and thus the officer's valuation based thereon was not subject to exclusion as hearsay, even if such an objection had been raised.

■ The Blue Book valuation was also admissible under the market reports exception to the hearsay rule, CRE 803(17) ("Market quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations [are not excluded by the hearsay rule]."); *see State v. Erickstad,* 620 N.W.2d 136, 145 (N.D.2000) (concluding Blue Book valuation evidence is admissible under rule identical to CRE 803(17)); *see also United States v. Johnson,* 515 F.2d 730, 732 n. 4 (7th Cir.1975) (Red Book, published by National Market Reports for more than 64 years, held admissible under market reports and commercial publications exception to hearsay rule); *In re Roberts,* 210 B.R. 325, 330 (Bankr.N.D.Iowa 1997) (NADA Blue Book fits within market reports exception to hearsay rule); *In re Byington,* 197 B.R. 130, 138 (Bankr.D.Kan.1996) ("Market guides are

admissible under a specific exception to the hearsay rules."). Because the Blue Book is a market report generally used and relied upon by the public, it falls within the market reports exception to the hearsay rule.

■ Defendant argues that because the officer did not testify sufficiently to the data he entered into the Blue Book's website, the resulting valuation was incompetent and inadmissible. However, this argument goes only to the weight and not the admissibility of the valuation. *See, e.g., Beaudoin v. People,* 627 P.2d 739, 741 (Colo.1981) ("It was for the jury to determine upon proper instructions whether to accept this $300 valuation or a much lesser valuation as indicated from other evidence presented.").

■ We further reject defendant's contention that the officer needed to be qualified as an expert to provide valuation testimony based on the Blue Book. Because evidence of the Blue Book valuation was admissible, there was no requirement that it be admitted through expert testimony.

Thus, the trial court did not err, let alone plainly err, in admitting the officer's valuation testimony that was based on the Blue Book.

### B. Place of Theft

Defendant next asserts that because the officer's testimony did not address the stolen vehicle's value in Colorado, where it was stolen, it was insufficient to prove the car's value. Because defendant did not object to the testimony on this basis in the trial court, we review for plain error and conclude that any error was not plain. *See Miller,* 113 P.3d at 749.

■ The record is silent as to whether the officer entered the location of the theft in the database to arrive at a Blue Book valuation. However, any error in failing to exclude testimony that did not address the vehicle's value in Colorado was not obvious. *See Weinreich,* 119 P.3d at 1078 ("To constitute plain error, the trial court's error must be obvious and substantial. . . ."). The testimony indicated that the officer entered all data about the vehicle that was necessary to ar-

rive at a valuation. No evidence was offered to show that the officer entered incorrect information. Under these circumstances, no plain error requiring reversal has been demonstrated.

### C. Sufficiency of the Officer's Valuation Testimony

■ The officer's testimony established that the value of the stolen vehicle was $16,415 at the time of the theft. This evidence was sufficient to support a conclusion by a reasonable person that defendant was guilty beyond a reasonable doubt of theft of a vehicle with a value exceeding $15,000 under the applicable version of section 18–4–409(3)(b).

Because of our determination of this issue, we need not address defendant's argument that the car owner's testimony was insufficient to prove the car's value at the time of the theft.

### III. Request for Substitute Trial Counsel

We disagree with defendant's contention that the district court erred in denying his request for substitution of trial counsel.

■ We review a district court's decision to deny an indigent defendant's request for substitution of counsel for an abuse of discretion. *See, e.g., People v. Gonyea,* 195 P.3d 1171, 1172 (Colo.App.2008). A defendant is only entitled to new counsel when he or she demonstrates "good cause to require substitute counsel." *People v. Kelling,* 151 P.3d 650, 653 (Colo.App.2006). Good cause consists of a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict that would lead to an apparently unjust verdict. *People v. Arguello,* 772 P.2d 87, 94 (Colo.1989) (citing *McKee v. Harris,* 649 F.2d 927, 931 (2d Cir.1981)).

■ Defendant argues that good cause for substitution was shown because there was a breakdown of communication with counsel. Defendant's trial counsel acknowledged that "there have been a lot of communication breakdowns," but maintained that he was continuing to represent defendant's interests and "had a number of visits with" defendant. The record does not indicate a complete breakdown in communication and supports the district court's determination to deny substitution.

### IV. Juror Question and Mistrial

Defendant next contends the trial court erred in asking a juror question and in failing sua sponte to order a mistrial. We are not persuaded.

The trial court asked the following question that had been posed by a juror: "[D]id [the victim—defendant's mother] indicate to you where the stolen vehicle might be located?" The witness responded, "I don't believe she did. She said her son was pretty much homeless and didn't have a location for him." Although, contrary to the court's pretrial order prohibiting such evidence, the answer mentioned defendant's homelessness, defense counsel rejected the court's offer of a cautionary instruction and stated that the answer did not provide grounds for a mistrial. Nevertheless, defendant now contends that the trial court erred in asking the question and that it should have sua sponte declared a mistrial after the answer was given.

■ Because defendant did not make a contemporaneous objection to the question or request a mistrial, we review for plain error. *People v. Madison,* 176 P.3d 793, 805 (Colo.App.2007). "A mistrial is a drastic remedy and is warranted only if the prejudice to the accused is too great to be remedied by other means." *People v. Rosa,* 928 P.2d 1365, 1372 (Colo.App.1996).

The mention of defendant's homelessness, although it violated the pretrial order, was not obvious and substantial error that undermined the fundamental fairness of the trial, and was not unduly prejudicial to defendant. *See Weinreich,* 119 P.3d at 1078. Therefore, the trial court did not err in not sua sponte declaring a mistrial.

### V. Jury Instruction

Finally, defendant asserts that the trial court erred by failing to give a supplemental jury instruction defining the term "value." We disagree.

During deliberations, the jury submitted the following question: "Is it our job to question the value of the vehicle based on the California price vs. the Colorado price? Would that raise reasonable doubt because it's in a different state?" The court responded by stating, "the burden is upon the prosecution to prove to the satisfaction of the jury beyond a reasonable doubt the value of the motor vehicle[.] I cannot provide you any further guidance."

 "Whether to provide the jury with additional written instructions in response to a question is a determination within the trial court's sound discretion." *People v. Bass,* 155 P.3d 547, 552 (Colo.App.2006). Absent evidence to the contrary, a jury is presumed to understand and follow the court's instructions, and the presumption may be overcome where the jury indicates a fundamental misunderstanding of an instruction. *See Leonardo v. People,* 728 P.2d 1252, 1255 (Colo. 1986).

When an additional instruction is needed to answer a proper jury question, it should be provided unless

(1) the jurors can be adequately informed by directing their attention to some portion of the original instructions; (2) the request concerns matters not in evidence or does not pertain to the law of the case; or (3) the request would call upon the judge to express an opinion upon factual matters that the jury should determine.

*Copeland v. People,* 2 P.3d 1283, 1288 (Colo. 2000). Commentary to the relevant American Bar Association Standard for Criminal Justice notes the "sensitive" nature of providing additional instructions because they "may have the effect, intended or not, of coercing a juror into abandoning his or her original position." ABA Standards for Criminal Justice 15–5.3 cmt. (3d ed. 1996).

Here, the trial court correctly responded by referring the jury to the instruction on the prosecution's burden of proof because that portion of the original instructions adequately informed it of the applicable law. The jury's question did not reflect a fundamental misunderstanding of the term "value" that would require definition of this commonly understood term. Thus, the trial court did not err in instructing the jury.

Judgment affirmed.

Judge GRAHAM and Judge ROMÁN concur.