24CA0123 Peo v Burgess 11-21-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0123
Weld County District Court No. 23CR652
Honorable Vincente G. Vigil, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Zackary Samuel Burgess,

Defendant-Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE SCHOCK
Fox and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

---

Philip J. Weiser, Attorney General, Claire V. Collins, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Julia Jones, Deputy State
Public Defender, Greeley, Colorado, for Defendant-Appellant

¶ 1     Defendant, Zackary Samuel Burgess, appeals the district court's restitution order.  We affirm.

## I.     Background

¶ 2     Burgess stole a pickup truck owned by his mother's employer. The truck was returned to the owner the next day "severely" damaged.  The entire driver's side was "annihilated," scratched "from the headlight to the back taillight"; the passenger's side was dented; the bug shield was broken; the windshield was cracked; the truck would not start; all fuses were removed; the rear bumper was damaged; the brakes and rotors were damaged; the rear taillight cover was broken; and there were cuts in the sidewalls of the tires.

¶ 3     Burgess was charged with felony first degree aggravated motor vehicle theft and felony criminal mischief.  He pleaded guilty to misdemeanor second degree aggravated motor vehicle theft and misdemeanor criminal mischief, in exchange for dismissal of the original counts.  As part of the plea agreement, Burgess "stipulate[d] to a factual basis and proximate cause as to all charged, pled and/or dismissed counts for restitution purposes."

¶ 4     The prosecution requested $5,789 in restitution, based on the top end of the Kelley Blue Book estimated range of the truck's fair market value.  Burgess objected and requested a hearing.

¶ 5     At the hearing, the victim testified that she used the Kelley Blue Book estimate to determine the truck's value.  Without objection, the district court admitted a copy of the Kelley Blue Book estimate, which showed a value in the range of $3,952 to $5,789.  The victim testified that she believed the value of her truck before the theft equaled the high end of the estimate because she had purchased the truck new and had "taken really good care of" it.

¶ 6     She testified that the estimates she had gotten to repair the truck were double its estimated value, which she "could not afford to do at all."  But she had sufficiently repaired the truck to "g[e]t it running enough that [she] can go pick up feed and hay" locally.

¶ 7     Defense counsel argued that the Kelley Blue Book estimate was "insufficient to show the actual pecuniary loss that [the victim] suffered here."  Counsel further argued that "[t]here was no testimony offered about what the value of the truck was on [the day before it was stolen], versus the value of the truck when it was

returned to the [victim's] family a couple days later." But there was no evidence presented at the hearing of the truck's salvage value.

¶ 8        At the close of the hearing, the district court deferred ruling on restitution so it could "examine the record and give some consideration as to what's set off . . . based on the value of the vehicle and the condition that it was returned" to the victim. The court found that the victim's testimony and the Kelley Blue Book estimate were competent evidence of the vehicle's value. It further found that the truck was likely totaled. But it determined that "even in that totaled state[,] that totaled vehicle has some value."

¶ 9        In a subsequent written order, the district court awarded restitution for the full requested amount of $5,789. The court accepted the victim's testimony as to the value of the truck and found that the truck had been totaled. But it found that "the vehicle was not a complete loss" because the victim retained possession "and a totaled vehicle still retains some salvage value."

¶ 10       Nevertheless, because there was no evidence of what the salvage value was, the court ordered restitution for the full value of the truck. Characterizing the issue as one of "setoff" and citing *People v. Lassek*, 122 P.3d 1029 (Colo. App. 2005), *overruled on*

*other grounds by Sullivan v. People*, 2020 CO 58, the court concluded that "it was appropriate to assign the burden of proving the value of any setoff to the parties asserting the setoff."

## II.   Analysis

¶ 11    Burgess contends that the district court erred by awarding the full requested restitution amount because (1) the prosecution did not present evidence of the victim's actual pecuniary loss, and (2) the court improperly shifted the burden to Burgess to present evidence of the salvage value.  We discern no reversible error.

## A.   Standard of Review

¶ 12    The parties both assert that the applicable standard of review is clear error.  *See Martinez v. People*, 2024 CO 6M, ¶ 32.  But Burgess does not challenge the district court's interpretation of the evidence before it.  *Id.* at ¶ 20.  Instead, he challenges whether the quantum of evidence presented by the prosecution was sufficient to establish the amount of restitution.  *Id.*  That is a challenge to the sufficiency of the evidence.  *Id.*; *see also People v. Barbre*, 2018 COA 123, ¶ 25.  Thus, we review the record de novo to determine whether the evidence, "when viewed as a whole and in the light

4

most favorable to the prosecution, is sufficient to support the district court's ruling" as to the amount of restitution.[1]  *Barbre*, ¶ 1.

### B.    Applicable Law

¶ 13    The district court must award restitution for "any pecuniary loss suffered by a victim . . . [that was] proximately caused by an offender's conduct."  § 18-1.3-602(3)(a), C.R.S. 2024.  The prosecution bears the burden of proving by a preponderance of the evidence both the amount of the victim's losses and that those losses were proximately caused by the defendant's criminal conduct.  *People v. Dyson*, 2021 COA 57, ¶ 12.  It may meet this burden through documentary or testimonial evidence.  *People in Interest of A.V.*, 2018 COA 138M, ¶ 35; *People v. Courtney*, 868 P.2d 1126, 1128 (Colo. App. 1993) (concluding that victim's testimony regarding value of stolen tools was competent evidence of value).

¶ 14    In determining the restitution amount, the district court may rely on the evidence presented by the prosecution, absent a defense showing that the evidence is inaccurate.  *A.V.*, ¶¶ 30, 35; *see also*

---

[1] We would reach the same conclusion if we reviewed the restitution award for clear error.  For the same reasons that the evidence is sufficient to support the district court's finding, that finding has record support.  *See Martinez v. People*, 2024 CO 6M, ¶ 34.

*People v. Miller*, 830 P.2d 1092, 1094 (Colo. App. 1991) (holding that "if the defendant fails to show that the information [submitted by the prosecution] is inaccurate or untrue, the trial court is entitled to rely upon the report or statement as submitted"). As the fact finder, the district court "has the authority to determine the weight of the evidence, the witnesses' credibility, and ultimately the accuracy of the estimate" of the total pecuniary loss. *A.V.*, ¶ 29.

### C. Restitution Amount

¶ 15    At the restitution hearing, the prosecution presented (1) evidence of the value of the truck before the theft, consisting of the Kelley Blue Book estimate and the victim's testimony; and (2) the victim's testimony that the cost to repair the truck exceeded its value, meaning the truck was totaled. This evidence, viewed in the light most favorable to the prosecution, is sufficient to support the district court's finding that the victim's total pecuniary loss was $5,789 — the estimated value of the truck. *See People v. Thornton*, 251 P.3d 1147, 1150 (Colo. App. 2010) (holding that Kelley Blue Book estimate is admissible to prove vehicle's value); *People v. Moore*, 226 P.3d 1076, 1084 (Colo. App. 2009) ("An owner is always competent to testify as to the value of his or her property.").

6

¶ 16    Burgess presented no evidence that this estimate of the loss was inaccurate.  *See A.V.*, ¶¶ 30, 35; *Miller*, 830 P.2d at 1094.  On appeal, he points to the district court's statements that "the vehicle was not a complete loss" and "a totaled vehicle still retains some salvage value."  But to the extent these constitute findings by the district court, there is nothing in the record to support them.  There was no evidence at the hearing that the truck had *any* salvage value after the theft, much less what that supposed salvage value was.

¶ 17    Although the victim testified that she was eventually able to get the truck "running enough [to] go pick up feed and hay," that was only after completing $700 in repairs.  Before those repairs, the truck "would not start," the brakes "were almost non-existent," and "every single fuse" had been removed.  There was no evidence of the truck's value, if any, in that condition.  Thus, the evidence provided no basis for the district court to find that the vehicle had any value when it was returned to the victim — particularly when it would have cost more to repair the vehicle than the vehicle was worth.

¶ 18    We agree with Burgess that the district court erred by characterizing the potential salvage value of the truck as a "setoff."  A defendant is entitled to a setoff against a restitution order for "any

money actually paid to the victim for the same damages." *People v. Gregory*, 2019 COA 184, ¶ 24; *see also Lassek*, 122 P.3d at 1034-35; § 18-1.3-603(6), C.R.S. 2024. Burgess did not argue that the victim in this case had recovered some portion of the loss from another source. His argument was that the prosecution did not meet its burden of proving the amount of the loss in the first place.

¶ 19 But terminology aside, the result is the same. The prosecution presented evidence sufficient to show the estimated amount of the loss, including that the truck was totaled and could not be repaired. There was no evidence presented to show otherwise — namely, that the truck in fact retained some value and how much. The district court therefore properly relied on the evidence presented to impose restitution for the total estimated value of the truck. *A.V.*, ¶ 30.

III. Disposition

¶ 20 The order is affirmed.

JUDGE FOX and JUDGE JOHNSON concur.